Russell
v.
Whipple.

RUSSELL *against* WHIPPLE.

An instrument in writing thus: "Due L. R. or bearer, &c., 200 dollars and 26 cents, for value received," is a good promissory note, within the statute of Ann.

In declaring on a promissory note, it is enough to allege that the defendant made his certain note in writing, &c. without averring that he delivered it.

ASSUMPSIT on note, by payee against maker. The plaintiff averred that the defendant made his certain note, in writing, in the words and figures following, to wit: "Due Lanson Russell, or bearer, one day from date, two hundred dollars, twenty-six cents, for value received; as witness my hand, this sixth day of January, in the year of our Lord 1823." By means whereof, &c., but did not aver that this note had been delivered.

Special demurrer and joinder, assigning the following causes;

1. That this was not a promissory note within the statute, (1 R. L. 151,) though declared on as such.(a)

2. That the declaration should have shown a delivery of the note.

It was answered to the first point, that this instrument had all the technical requisites of a promissory note, except a promise to pay *expressed;* and the following authorities were cited to show it a good note within the statute: 1 Chit. on Bills, 243, n. (1) *Shuttleworth* v. *Stevens*, (1 Campb. Rep. 407,) *Allan* v. *Mawson*, (4 id. 115,) *Brown* v. *Gilman, et al.* (13 Mass. Rep. 158,) *Fisher* v. *Leslie,* (2 Esp. Rep. 426,) *President, &c., of Goshen Road* v. *Hurtin*, (9 John Rep. 217,) *Jerome* v. *Whitney*, (7 id. 321,) and 2 Ld. Raym. 1445.

In answer to the second point, *Churchill* v. *Gardner*, (7 T. R. 596,) and *Smith* v. *M'Clure*, (5 East, 476.)

*E. S. Lee*, for the plaintiff.

*D. D. Barnard*, for the defendant.

The demurrer was noticed as frivolous, and being accordingly brought on out of its place on the calendar, *the Court*

(a) Vide *Saxton* v. *Johnson*, 10 John. Rep. 418

thought it too plain for argument in its regular order, and rendered

Judgment for the plaintiff.

---

THE OVERSEERS of the Poor of the town of NISKAYUNA *against* THE OVERSEERS of the Poor of the City of ALBANY.

ON certiorari from the general sessions of the peace of the county of Albany. The Court below, on appeal, affirmed an order of two Justices, removing Gerrit Clute, his wife and three infant children, from the city of Albany to the town of Niskayuna.

On the hearing before the sessions, (March term, 1823,) the counsel for Niskayuna admitted that the grandfather of Clute, the pauper, had a settlement in Niskayuna, and relied upon showing that his father Jacob Clute, acquired, a settlement out of that town, and indeed, that he was actually settled in Albany, by serving there as an apprentice ; or if not, that Albany had acknowledged him as a pauper of that city, by receiving, entertaining and supporting him in the almshouse of that city till he died.

D. C. Groat, swore, that the father of the pauper died 5 or 6 years ago, aged about 70 years : the pauper, G. Clute, is now aged about 50 years.

The counsel of Niskayuna then offered to show the apprenticeship of the father, by parol. This was objected to, but admitted *de bene esse ;* and

*If it do not appear that one has gained a settlement in his own right, his settlement follows that of his father :*

*But a change in the settlement of the father, will not affect that of the son, if the father's settlement is obtained after the emancipation of the son.*

*What shall amount to an emancipation.*

*The grandfather had a settlement in N.: his son's settlement follows the father's, and the son not having gained a settlement in his own right, the grandson's is in the same place.*

To acquire a settlement by apprenticeship, the service must be under an indenture, or a deed, contract or writing not indented ; a parol binding is not sufficient.

The place of birth is, *prima facie,* the place of settlement ; but if the father's settlement be in another place, the settlement of the child follows his.

It appeared that at the Albany almshouse, certain books are kept in which the names of paupers, &c. are entered ; and also quarterly returns made to the corporation. To show that a pauper was settled at Albany, by being entered and recognized as a pauper of that city, the almshouse books being (as insisted) burnt, parol proof of their contents was offered ; *held,* that admitting the books to have been burnt, parol was not the next best evidence but the quarterly returns should be produced.