## BURBANK vs. FRENCH and another.

In an action by the assignee of a note against the maker, averments that the defendant *made* the note, and that the payee *indorsed* it to the plaintiff, who is the lawful holder, and that the defendant is indebted to the plaintiff in the amount thereof, are sufficient, without any further allegation of the *delivery* of the note by the maker to the payee, or by the payee to the plaintiff.

APPEAL from the Circuit Court for *Crawford* County.
Action on a promissory note. Demurrer to the complaint,

on the ground that it did not state facts sufficient to consti-   June Term,
tute a cause of action.   Judgment for plaintiff.   The allega-   1860.
tions of the complaint, and the objections made to ' it, are   BURBANK
stated sufficiently in the opinion of the court.   v.
FRENCH et al.

*D. H. Johnson* and *O. B. Thomas*, for appellants, in sup-
port of their objections to the complaint, cited *Parker vs.
Totten*, 10 How. Pr. Rep., 233; 8 id., 491; *Lord vs. Cheese-
brough*, 4 Sandf., 696; 6 id., 692; *Garvey vs. Fowler*, 4
id., 665.

*Bull & King*, contra, cited *Churchill vs. Gardner*, 7 T. R.,
596; *Smith vs. McLure*, 5 East, 476; *Peets vs. Bratt*, 6 Barb.
S. C. R., 662; *Russell vs. Whipple*, 2 Cow., 536; 2 Sandf. S.
C. R., 673; Voorhees' N. Y. Code, 169; Chitty on Bills, 588.

*By the Court,* COLE, J.   The objection taken to the com-   July 30.
plaint in this case, that it does not state facts sufficient to
constitute a cause of action, we deem untenable.   It is insist-
ed that the complaint is defective because it is not averred
therein, that the note was ever delivered to the payee by the
maker, or that the payee ever delivered it to the respondent.
The allegation is, that the respondents, on the 29th day of
January, 1858, made their promissory note in writing, where-
by, sixty days after the date thereof, they jointly and seve-
rally promised to pay C. G. Baldwin or order, at the Bank of
Prairie du Chien, the sum of $150, for value received; and
that the said payee thereof endorsed the said note to the
plaintiff, and that the plaintiff is the lawful holder and owner
of the said promissory note, and that the *defendant* is justly
indebted to him therefor in the sum of $150, principal, to-
gether with interest from, &c.   It appears to us that, under
the liberal system of pleading established by the Code, this
complaint is sufficient.   The allegation that the appellants
made their promissory note, whereby, &c., they promised to
pay the payee, for value received, and that the payee in-
dorsed the same to the respondent, who is the lawful holder
and owner thereof, and that the appellants are indebted to
him therefor, is a sufficient averment of ownership and of
title, without averring a delivery to the payee.   For it is
very clear that if the note was never delivered by the ma-

kers to the payee, it is incorrect to say that they *made* their note whereby they promised to pay, &c., and that they are indebted to the indorsee thereon in the principal sum with interest. The *making* of a promissory note, in common parlance, implies doing every thing necessary to render it a valid instrument, while it would be a gross solecism to say a person was indebted upon a note which he never made and delivered. *Ketellas vs. Meyers*, 19 N. Y. R., 231; *Chappell vs. Bissell*, 10 How. P. R., 274; *Churchill vs. Gardner*, 7 Term Rep., 596; *Russell vs. Whipple*, 2 Cow., 536.

It is said that the allegation that the respondent is the "lawful holder and owner of the note," is but stating a legal conclusion. But the averment is, that the payee *indorsed* the note, a term of well known signification, implying, when used in such a connection, an assignment or transfer of title. It is further manifest that the allegation that "the defendant is justly indebted," &c., is a mere clerical mistake, unworthy of any serious attention. It is not probable that the appellants were, or could have been, misled, by the use of the singular instead of the plural number.

The judgment of the circuit court is affirmed.