JOHN WEDDERSPOON v. J. P. ROGERS.

PLEADINGS ON NOTE.—If the complaint in a suit on a note avers that the defendant made and delivered the note to the plaintiff, and that the plaintiff is still the owner and holder, the allegation that plaintiff is the owner and holder is but a conclusion of law, and an answer denying it but admitting the other allegations of the complaint, raises no material issue.

IDEM.—Such answer should be stricken out on motion as irrelevant, and plaintiff is entitled to judgment on the pleadings, even if there is an averment in it, that the action is not prosecuted in the name of the real party in interest, and that another person owns the note.

SHAM ANSWER.—If the complaint avers that defendant made and delivered the note to plaintiff, and that plaintiff is still the owner and holder, and the answer denies that plaintiff is the owner and holder, and the plaintiff introduces affidavits showing by a statement of facts that the note is his, and the defendant's counter-affidavits merely state that the answer is true and was put in in good faith—the answer is sham, and should be stricken out as such.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Charles Wittram*, for Appellant.

The District Court erred in striking out defendant's answer as sham and irrelevant, and ordering judgment thereon against him, and in doing so exceeded its jurisdiction. The answer presents material issues of fact to be tried by jury. The answer controverts material allegations in the complaint and sets up new matters in defense. The answer contains a full and complete defense to the cause of action set forth in the complaint as to the plaintiff. The answer is not fictitious or interposed for the purpose of delay. The answer is *bona fide*. The answer is sworn to as true. The answer, therefore, is not sham or irrelevant. (Cal. Pr. Act, Secs. 4, 153, and 155 ; 7 Cal. 551 ; 10 Cal. 347 ; 12 Cal. 98 ; 13 Cal. 588 ; 15 Cal.

9, 344 ; 18 Cal. 126 ; 29 Cal. 194 ; 11 Abbott Pr. R. 417–85 ;
15 Abbott Pr. R. 280 ; 1 Johnson, 139 ; 2 Wend. 158 ; 10
Wend. 87 ; 11 Wend. 478 ; 12 Wend. 156 ; 2 Code Rep. 65 ;
1 Hilt. 235 ; 2 Duer, 160 ; 5 Duer, 168 ; 5 Sandf. 52 ; 1 E.
D. Smith, 364 ; 3 Bosw. 560 ; 4 How. Pr. 63 ; 10 How. Pr.
233 ; 24 Barb. 665 ; 27 Barb. 82 ; 20 N. Y. 268 ; 15 Dana,
45 ; 10 Mass. 287 ; 3 Pick. 83 ; 20 Ill. 499.)　The order and
judgment of the District Court erroneously deprived the
defendant of his lawful rights.　Because the defendant's
answer is in all respects as required by law.　Because the
answer presents issues of fact which entitle the defendant to
a trial by jury in the ordinary mode, and as provided by the
Constitution and laws of the land.　(Const. U. S. Art. VII ;
Const. Cal. Art. I, Sec. 3 ; Cal. Pr. Act, Secs. 153 and 155 ;
Broom on Par. 42.)　Because the affidavit of the defendant,
in opposition to the plaintiff's affidavit and motion to strike
out the answer, was sufficient to defeat the motion.　(18 Cal.
385.)

*J. W. Winans*, for Respondent.

The authority of the Court below to strike out the answer
as sham or irrelevant, under section fifty of the Practice Act,
is sustained by all the cases.　The language of said section
fifty is taken *totidem verbis* from section one hundred and fifty-
two of the New York code, and the decisions made thereunder
are therefore directly in point.　A mere denial in the answer
that plaintiff is the owner and holder of the note, is irrelevant
and sham.　(*Cutler* v. *Gunter*, 1 Denio, 268 ; *Seeley* v. *Engle*,
17 Barb. 530 ; *Edson* v. *Dillaye*, 8 How. Pr. 273.)　An aver-
ment that plaintiff is not the real party in interest, but holds
as agent for another, even though that other is named, unless
the facts are stated which deprive the plaintiff of the right to
sue, is irrelevant and sham.　(*Ramsdale* v. *Clapp*, 7 Barb. 482,
484 ; *Butterfield* v. *McComber*, 22 How. Pr. 153, 154 ; *Bentley*
v. *Jones*, 4 How. Pr. 202, 204.)　Where the averment of own-
ership, in the complaint, is absolute and unequivocal and sup-

ported by the oath of positive knowledge, and that in the answer is on information and belief, defendant, on a motion to set aside the answer as sham, is bound to support his averment by the oath of a party having knowledge. (*The People* v. *McComber*, 15 How. Pr. 189 ; *Hance* v. *Rumming*, 2 E. D. Smith, 48, 49 ; *Chapin* v. *Palmer*, 12 How. Pr. 37, 39, and cases therein cited ; *Corbett* v. *Eno*, 13 Abbot's Pr. 65.)

By the Court, SAWYER, J. :

This is an action upon a promissory note by the payee against the maker. The complaint avers the making and delivery of the note by the defendant to plaintiff, setting out a copy, then avers " that plaintiff is now the owner and holder of said promissory note," that no part had been paid, etc., and prays judgment for the amount due. The complaint is verified. The answer denies " upon information and belief that the plaintiff is the owner of the note," but does not deny any other allegation. It then affirmatively avers on information and belief, that one R. S. Corning was, at the commencement of the action, and still is, the owner of the note, and that the action is not prosecuted in the name of the real party in interest, but that the plaintiff holds said note as the agent of Corning. But it avers no facts showing Corning to be owner, or out of which the transaction arose. On the pleadings, and an affidavit directly and positively contradicting the general averments of the answer, and stating further that the note was originally given on account of an indebtedness due from defendant to Corning, but that said indebtedness had already been transferred to the plaintiff by said Corning, in part payment for money advanced by plaintiff to Corning, the plaintiff moved to strike out the answer as sham and irrelevant, and for judgment. Defendant replied by affidavit stating " that he believes the averments contained in his answer herein to be true," that the matters were set up in good faith, and that he expects to support the averments by competent proof, but without stating any facts upon which his belief is based, or contradicting directly, or even upon

information or belief, any of the specific facts stated in plaintiff's affidavit as to the consideration of the note, and the assignment thereof to plaintiff by Corning before the note was given.

The Court struck out the answer and entered judgment for plaintiff, and defendant appeals. We think the plaintiff entitled to judgment. The averment, that the plaintiff was the owner of the note, is not the averment of an issuable fact. It is but the averment of a conclusion of law, which followed from the other facts averred. It was immaterial and might have been omitted. The conclusion of law necessarily followed from the other facts stated. The denial of this averment of a conclusion of law did not raise a material issue. The material facts were all admitted, and judgment must necessarily have followed, notwithstanding the denial of the legal conclusion. Upon this point, Mr. Justice Duer, in *Catlin v. Gunter*, 1 Duer, 265, says: "It has, however, been insisted, that no amendment of the answer was necessary in the present case to let in the defense of usury, but that, striking from the answer all the specific allegations which the proof failed to sustain, the defense was admissible under the general denial which the answer contains, that the plaintiff was the lawful holder and owner of the note and that the defendant was indebted to him thereon in the sum claimed to be due or in any sum whatever. But these positions seem to us so manifestly groundless that, had not the defense of usury been specially pleaded, the answer would, in our opinion, have been plainly frivolous, and the plaintiff entitled to an immediate judgment. The answer controverts no material averment in the complaint. It admits the making and transfer of the note, and its possession by the plaintiff, and these are all the facts which the plaintiff was bound to aver, and, if denied, to prove, in order to maintain his action. Hence the denial in the answer, that the plaintiff was the lawful owner of the note, and that the defendant was indebted to him thereon, raised no issue of fact whatever, but was a denial merely of a conclusion of law which, as such, the Judge upon the trial, so far from admitting evidence under it, was bound to disregard

as irrelevant and nugatory. We are in the constant habit of striking out such a denial as irrelevant or frivolous, and we believe that the same construction has uniformly been given to it by the Judges of the Supreme Court. (*Pierson* v. *Squire*, 1 Code Rep. 84; *McMurray* v. *Gifford*, 5 Howard, P. R. 14; *Buddington* v. *Davis*, 6 Howard, 402.)

In *Seeley* v. *Engell*, 17 Barb. 530, the complaint contained an allegation of ownership of notes, and the answer a denial of ownership, precisely like those in this case. The referee excluded evidence offered by defendant to show that the plaintiff was not the owner of the notes, to which ruling defendant excepted. In considering the question the Court say : " On the part of the defendant, evidence was sought to be given by him, that the plaintiff was not the lawful holder and owner of the note. These offers were repeated in various forms, but substantially to the same effect, and the referee excluded the testimony offered on the ground that the answer was insufficient to admit the evidence. Upon the authority of various cases cited on the argument, we think this ruling was right. (See 5 Sand. 646 ; 8 How. 273 ; 7 Barb. 482 ; 4 How. 202 ; 4 Com. 249.)" We think these views correct.

The denial clearly raised no material issue of fact. The affirmative allegations of the answer were but an averment of the same matter in an affirmative form. It averred certain legal conclusions already stated, but presented no new issuable facts. There was nothing which obviated the legal conclusion, which followed, necessarily, from the facts averred in the complaint, and admitted by the answer. On the admitted facts the plaintiff was entitled to judgment. There was no issuable fact presented by the answer relevant to the case made by the complaint. The answer was, therefore properly struck out as irrelevant under section fifty of the Practice Act. If it could be regarded as good in form, it was also manifestly sham within the rules upon the subject. Without further discussion, the following additional cases are referred to bearing upon these points : *People* v. *McComber*, 18 N. Y. 320 ; *Russell* v. *Clapp*, 7 Barb. 482 ; *Bentley* v. *Jones*, 4 How. Pr. 202 ;

*Hance* v. *Rumming,* 2 E. D. Smith, 48; *Corbett* v. *Eno,* 13 Abb. 65; *Eliz. Manuf. Co.* v. *Campbell,* 13 Abbott's Pr. 92; *Gostorfs* v. *Taaffe,* 18 Cal. 387. The note was payable to plaintiff, and does not appear by averment or otherwise to have ever been assigned. The judgment is therefore right under the principles announced in *Corcoran* v. *Doll, ante,* 82.

Judgment affirmed.

Neither Mr. Justice RHODES nor Mr. Justice SHAFTER expressed any opinion.