## SAMUEL POORMAN *v.* D. O. MILLS & CO.

Certificate of Deposit a Promissory Note.—A certificate issued by a bank or other depositary to the depositor of money on general deposit, stating the fact of the deposit and that it is payable to the depositor or order on demand, or on return of certificate properly indorsed, is a promissory note.

Promissory Note—Effect of Indorsement in Blank.—Where a promissory note is indorsed in blank the title and right of action pass by delivery, and the note is payable to the bearer.

Idem—Rights of Holder.—The holder of a promissory note indorsed in blank, may write over the indorsement, "Pay to the order of (the holder)," which has the effect of an indorsement of the note in full, in the hands of a *bona fide* holder.

Idem—How Receivable in Evidence.—As the change from a blank to a full indorsement of a note is formal merely, it need not be made; and so a note

indorsed in blank is admissible in evidence in support of an allegation that the note was indorsed to the plaintiff by the payee.

IDEM.—Proof of the indorsement of a promissory note is necessary to entitle it to admission in evidence, unless waived when the indorsement is offered in evidence.

PLEADING.—In an action on a promissory note by an indorsee, the fact of the indorsement only need be pleaded to show title in the plaintiff, and an averment in the answer that the plaintiff is not the legal owner or holder of the note, is but a legal conclusion, and raises no issue of fact; and so an averment in the complaint, that plaintiff is the owner and holder of the note and entitled to receive the money due thereon, presents no issuable fact, and will be treated as surplusage.

AN AGENT MAY MAINTAIN ACTION ON PROMISSORY NOTE.—An agent who has received a promissory note by indorsement holds the title as against all parties thereto, except the principal, and may maintain action thereon in his own name.

PRESUMPTIONS.—The presumption is that the indorsee of a promissory note is a holder for value, and the burden of proof is on the party denying that it is so held.

NONSUIT.—In an action on a promissory note by an indorsee, neither of the questions, whether plaintiff is a holder as an agent, or for value, can be considered on a motion for nonsuit.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

This was an action by the plaintiff as an indorsee upon a certificate of deposit executed by the defendants, a copy of which is as follows:

"$750.　　　　　　　　　　　　　　　　No. 28,850.
"BANK OF D. O. MILLS & Co.
"Sacramento, Oct. 18, 1866.
" George Rosenbaum has deposited in this bank fifteen hundred dollars, payable to himself or order, in United States gold coin, on return of this certificate properly indorsed.
"D. O. MILLS & Co."

The complaint was in the usual form. The defendants' answer, after denying that plaintiff held the certificate for value, contained among other matters of defense the following, to wit:

" And for further answer defendants deny that the said Rosenbaum indorsed or delivered the said certificate of

deposit to the plaintiff, and deny that plaintiff is the legal owner or holder thereof, or that he is entitled to the amount of money due thereon, or the said sum of fifteen hundred dollars, or any part thereof."

On the trial in the Court below, plaintiff introduced, among other things, the certificate with its indorsements in evidence, and rested. When, upon the defendant's motion therefor, on the ground that plaintiff had not disclosed evidence sufficient to entitle him to maintain the action, the Court granted a nonsuit. Plaintiff appealed.

The other facts are stated in the opinion of this Court.

*Coffroth & Spaulding*, for Appellant.

*Robinson, Ramage & Dunlap*, for Respondents.

By the Court, RHODES, J.:

A certificate of deposit, issued by a bank or other depositary to a depositor, upon his paying to the former a sum of money on general, or, as it is sometimes called, irregular deposit, stating that the depositor has deposited that sum, payable to himself or order on demand, or on return of the certificate properly indorsed, is a promissory note. (*Welton* v. *Adams*, 4 Cal. 37; *McMillan* v. *Richards*, 9 Cal. 418; *Coye* v. *Palmer*, 16 Cal. 159; *Brummagim* v. *Tallant*, 29 Cal. 503; *Bank of Orleans* v. *Merrill*, 2 Hill, 295; *Leavitt* v. *Palmer*, 3 New York, 19; *Payne* v. *Gardiner*, 29 New York, 146.)

It is elementary law that when a note is indorsed in blank the title and right of action pass by delivery; that while the indorsement remains in blank the note is payable to the bearer; and that the holder may write over the indorsement "pay to the order of (the bearer);" and that has the effect, in the hands of a *bona fide* holder, of an indorsement in full. (Chitty on Bills, 255.) This change from a blank to an indorsement in full is not usually made, and as it is a mere

matter of form it is not required to be done; and the note, with the blank indorsement, is admissible in evidence in support of the allegation that it was indorsed to the plaintiff by the payee.

The execution of the certificate of deposit was not denied, and when it, together with the indorsement, was offered in evidence, no objection was made that the indorsement was not proven. Had objection been made, proof of that fact would have been required. (*Pinkham* v. *McFarland*, 5 Cal. 137.)

The averment of the answer that the plaintiff is not the legal owner or holder of the certificate of deposit, raises no issue, for it is only an averment of a conclusion of law. It does not meet the allegation of indorsement, the fact upon which the plaintiff's title depends. And it may be added, that the plaintiff's allegation that he is the owner and holder of the certificate, and entitled to receive the money due thereon, is surplusage, for it is but a legal conclusion arising from the alleged indorsement. (*Wedderspoon* v. *Rogers*, 32 Cal. 569.)

An indorsement to an agent transfers the title of the instrument, as to all the parties thereto, except his principal. (Story on Notes, Sec. 126.) It makes no difference to the maker whether he pays to the principal or his agent holding the instrument as an indorsee.

The indorsee is presumed to be a holder for value, (Story on Prom. Notes, Sec. 196,) and the burden is on the defendant to rebut this presumption. Neither the question whether the plaintiff holds as an agent, nor the question whether he is a holder for value, can be considered on the motion for a nonsuit; for in either case the title is in the plaintiff, and he can maintain an action in his own name; but they may be important to the defendants, when they come to make their defense, relying upon any equities or defenses existing between them and parties to the certificate prior to the plaintiff.

Judgment reversed and cause remanded for a new trial.