## JOSEPH HOOK v. MARTIN WHITE.

PROMISSORY NOTE—REMEDIES ON.—The fact that one of two obligors of a joint and several promissory note delivered to the payee, at the time of its execution, certain property, with instructions to sell it and apply the proceeds to the payment of the note, which property was received by the payee upon the terms specified, does not operate as payment of the note, or work a suspension of the right of the payee to enforce its payment by suit against the other obligor, according to its terms; and where to such action by the payee the defendant, by way of defense, set up in answer said facts, and, in addition, that the plaintiff had never returned said property nor accounted for the same or the proceeds of the sale thereof: *Held,* that said matters constituted no defense.

IDEM—COUNTERCLAIM.—In an action on a promissory note by the payee against one of two joint and several obligors, the defendant pleaded a demand, as a counterclaim for damages for the unskillful construction of a mill by the plaintiff for the defendant, his co-obligor, and T., for the construction of which the note in suit was given in part payment: *Held,* that said counterclaim being for unliquidated damages, and in part a demand in favor of a stranger to the note and suit, it was unavailable as a defense to the action.

PROMISSORY NOTE—PLEADING.—The complaint in an action on a promissory note set out in *hæc verba* and averred "that said note had not been paid, nor any part thereof," etc.; the answer thereto denied that said note had not been paid, and further denied "that there is due to the plaintiff on said note any sum of money or anything:" *Held,* that said denials were of immaterial averments only, that said answer raised no issue, and might properly have been stricken out on motion as sham and irrelevant.

IDEM—EQUIVALENT AVERMENTS IN PLEADING.—An allegation in complaint "that said defendant *executed* to this plaintiff a promissory note," is equivalent to an allegation "that defendant made his note payable to plaintiff;" and an averment that defendant executed to plaintiff his note in writing, includes and imports a delivery of the same to the plaintiff.

IDEM—PLEADING.—An averment in a complaint on a promissory note "that the plaintiff is still the owner and holder of the note," etc., is surplusage.

| 36 | 299 |
| 103 | 374 |
| 36 | 299 |
| 116 | 663 |
| 36 | 299 |
| 123 | 586 |
| 36 | 299 |
| 145 | 433 |

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The defendant appealed.
The other facts are stated in the opinion of the Court.

*R. P. & Jabish Clement*, for Appellant.

*Lloyd Baldwin*, for Respondent.

By the Court, SPRAGUE, J.

This action is upon a joint and several promissory note, by the payee against one of its makers. The complaint avers: "That at the time and place therein mentioned defendant executed to plaintiff a promissory note in writing, of which the following is a copy," setting out the note in *hæc verba*, and then avers: "That said note has not been paid, nor any part thereof, except the interest up to March 1st, 1867, and that the entire principal sum of said note, together with interest from March 1st, 1867, was then due from defendant to plaintiff."

The defendant's answer "denies, on his information and belief, that the note set out in the complaint has not been paid, and denies, on his information and belief, that there is due to the plaintiff on said note any sum of money or anything."

And for other and substantive matter of defense defendant, upon his information and belief, avers that his co-obligor, before the commencement of the action, delivered to plaintiff certain personal property of value sufficient to pay said note, with permission and direction to sell the same, and out of the proceeds of the sale thereof to pay said note and interest. That plaintiff accepted said property, agreed to sell the same, and out of the proceeds thereof to pay the note. That plaintiff never returned said property, accounted for the same, or the proceeds of the sale thereof. And as a further and separate defense, and by way of counterclaim, defendant

alleges that the note was given in part payment for services rendered by plaintiff as a millwright to defendant, his co-obligor, and one P. Taylor, in the construction of a mill, and avers that said mill was by plaintiff carelessly, negligently, and unskillfully constructed, whereby defendant was damaged in the sum of one thousand five hundred dollars, for which he prayed judgment.

Both complaint and answer were verified.

A demurrer was interposed by plaintiff to all the affirmative portion of the answer, which was sustained by the Court, and subsequently, upon notice to defendant, on motion of plaintiff, after argument by counsel and testimony in behalf of plaintiff, judgment was rendered for plaintiff on the pleadings.

The demurrer to the affirmative matters contained in the answer was properly sustained. The delivery of property to plaintiff by defendant's co-obligor with instructions to sell and apply the proceeds in payment of the note is not payment or satisfaction, and the matters alleged in this connection constitute no legal defense to the action or suspension of plaintiff's right of action. (*Taggard* v. *Curtenius*, 15 Wend. 155; *Daniels* v. *Hallenbeck*, 19 Wend. 410; *Hawley* v. *Foote*, 19 Wend. 517.)

The demand of which the defendant seeks to avail himself by way of counterclaim or recoupment is for unliquidated damages, not in favor of defendant alone, nor in favor of defendant and his co-maker of the note in suit, but a joint demand in favor of defendant, his co-obligor, and one Taylor, a stranger to the note and suit; and there is no allegation that either the defendant or the makers of the note had acquired Taylor's interest in this demand; hence, as pleaded, it is not available as a defense in this suit, nor can a judgment thereon be rendered in favor of defendant as demanded. (*Sterns* v. *Martin*, 4 Cal. 229.)

The affirmative matter of the answer having thus been disposed of, nothing of the answer remains but the assumed special traverse of the plaintiff's allegation of non-payment

and statement of the amount due him from defendant on the note. These special denials are not in such form as to raise an issue, under which plaintiff could be required to introduce evidence. In the form stated they do not put in issue any material allegation of the complaint; and hence would have been stricken out as sham and irrelevant on motion, or disregarded, and plaintiff entitled to judgment on the pleadings, if his complaint was sufficient.

The allegation in the complaint, "that said defendant *executed* to this plaintiff a promissory note," is equivalent to an allegation "that defendant made his note payable to plaintiff;" and an allegation that defendant executed to plaintiff his note in writing, or made his note in writing payable to plaintiff, includes and imports a delivery of the same to plaintiff. (*Churchill* v. *Gardner*, 7 T. R. 597; *Russell* v. *Whipple*, 2 Cow. 536.)

The making and delivery of a promissory note by defendant to plaintiff imports a liability to pay in accordance with its terms, without any averment of a continuous holding or ownership; and after the allegation of the execution of the promissory note to plaintiff by defendant, a further allegation that plaintiff is still the owner and holder thereof, would be surplusage. (*Poorman* v. *Mills*, 35 Cal. 118; *Wedderspoon* v. *Rogers*, 32 Cal. 571.)

Defendant not having denied the execution of the note to plaintiff, his liability to pay is a legal conclusion, and not having affirmatively alleged any fact showing that he had paid, or relieving him from the legal liability to pay, he was not entitled under his answer to offer any defense in evidence. (*Edson* v. *Dillaye*, 8 How. Pr. 274.)

Judgment affirmed and remittitur to issue forthwith.