[No. 2,584.]

## SAMUEL POORMAN *v.* D. O. MILLS & CO.

Law of a Case.—A decision by the Supreme Court upon the points of a case becomes the law of the case in all subsequent proceedings upon the same state of facts.

Findings—Erroneous Judgment.—Where there are no findings, and the case is brought to the Supreme Court upon the evidence, and the judgment is erroneous, the Supreme Court will not direct the Court below what judgment to enter, but will reverse the judgment, and remand the case for a new trial.

Appeal from the District Court of the Sixth Judicial District, Sacramento County.

This case was before the Court on two former appeals, as will be seen by reference to 35 Cal. 118, and 39 Cal. 345. At the last trial the evidence was substantially the same as at the one preceding it.   The Court rendered judgment for the plaintiff for seven hundred and fifty dollars—the action was upon a certificate of deposit for one thousand five hundred dollars—and the plaintiff appealed.

The other facts are stated in the reports of the former appeals.

*Coffroth & Spaulding,* for Appellant.

*Robert Robinson,* for Respondent.

By the Court, Rhodes, J.:

On the two former appeals in this case it was held that the certificate of deposit, on which the action is brought, was a promissory note. (35 Cal. 118; 39 Cal. 345.) It was also held on the last appeal that the certificate of deposit will not be regarded as overdue or dishonored until after the lapse of a reasonable time after its date, and that it having been indorsed on the day of its date, it is to be re- garded as indorsed before it was overdue or dishonored. It was further held that the evidence showed that Eli M. Skaggs, the first indorser, was a bona fide holder, for value; that the case did not come within the statute of 1863, to prohibit gaming; and that the alleged mistake in the amount of the certificate could not be set up against the indorsee, nor any subsequent holder. The decision on those points has become the law of the case. The evidence at the last trial was substantially the same as that which was presented in the record on the last appeal; and there is no substantial conflict on either of those points mentioned.

The plaintiff requests this Court to direct the Court below to enter judgment for him for the full amount of the cer- tificate of deposit. There would be no hesitation in doing so if the Court below had expressly found the facts, which, we think, the evidence tends to prove. But as the Court decided for the defendants, it will be implied that one or more of the material facts were found against the plaintiff. It is not the province of this Court, as we have often held,

to find the facts of a case, but only to correct the errors, if there be any, of the Court below.

Judgment and order reversed, and cause remanded for a new trial.