[In Bank.—June 22, 1883.]

J. B. SOUTHARD, RESPONDENT, v. JOHN McBROWN ET AL., APPELLANTS.

EXECUTION—LEVY UPON JUDGMENT—PRIOR ASSIGNMENT.—No rights are acquired under an execution sale of a judgment which had been assigned for value prior to the levy, notwithstanding the assignment had not been filed, and no notice of it given to the purchaser.

LXIII. CAL.—35.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing to direct the satisfaction of a judgment.

The facts are sufficiently stated in the opinion of MR. JUSTICE MYRICK.

*James A. Waymire,* for Appellants.

*J. M. Seawell,* for Respondent.

MYRICK, J.—The plaintiff Southard recovered a judgment in a District Court against the defendant, McBrown, for $3,000 damages and $256.50 costs. The plaintiff assigned the judgment for value, and by intermediate assignments Benson became the owner also for value. The assignments, however, were not filed, nor did McBrown have notice thereof. McBrown had a judgment against Southard in another District Court for $22 costs. Upon this latter judgment McBrown obtained a writ of execution, upon which the sheriff assumed to make a levy and sale of the $3,256.50 judgment, upon which sale McBrown was the purchaser for the amount of his judgment against Southard. McBrown then made application to the court in which the judgment against him had been obtained, for an order that satisfaction of that judgment be entered, upon the ground that it had been satisfied in fact by the sale upon execution to him. This application was refused, and from the order of refusal an appeal was taken.

Southard claims that the judgment of $22 against him was void, because the cost bill (the judgment being for costs only) was not filed within five days after the rendition of the judgment. From the view we take of the case, it is unnecessary to pass upon this question.

Even if it be granted that a judgment is the subject of sale under execution, and if it be granted that a sale would be good if made for value before notice of assignment, McBrown was not a purchaser for value; he parted with nothing; he, the holder of the $22 judgment, bid in the larger judgment for his judgment. But it was said in *Fore* v. *Manlove,* 18 Cal. 437, "If a judgment be the subject of levy and sale, the purchaser would only take as

assignee; . . . . their (the first assignees) right first accruing by the assignment of the execution debtor, took precedence of the sheriff's assignment subsequently made." The sheriff's certificate was that he had sold "the right, title, and interest of J. B. Southard" in the judgment. Southard then had no interest; he had transferred his interest. The sheriff's sale was but an assignment; and it was said in *Mitchell* v. *Hockett*, 25 Cal. 544, that "the rule of *caveat emptor*—so far as any interest acquired as against third parties is concerned—applies to them in the same manner as in the purchase of any other personal property. If the assignor has no title they will take none, whether they have notice or not." This point disposes of the case, and it is not necessary to consider any other.

The order is affirmed.

McKEE, J., and THORNTON, J., concurred.

ROSS, J.—I concur for the reason that, prior to the time of the levy upon the judgment in favor of Southard, the latter had assigned his judgment for value; and conceding McBrown to have been a purchaser for value, the rule is, that between two *bona fide* purchasers of a chose in action not negotiable, the first in time is prior in right. (18 Cal. 438.)

SHARPSTEIN. J., concurred for the reasons stated by Ross, J.