[No. 9362.  In Bank.—May 24, 1886.]

HENRIETTA A. PRYCE, RESPONDENT, *v.* JAMES M. JORDAN, APPELLANT.

PROMISSORY NOTE — ACTION BY INDORSEE — PLEADING — ALLEGATION OF OWNERSHIP — PRESUMPTION. — The action was brought on a promissory note by an indorsee. The complaint alleged that prior to the commencement of the action the original payee indorsed, assigned, and delivered the note to the plaintiff. *Held*, that the plaintiff was presumed to be the owner and holder of the note at the commencement of the action, and that no allegation on the subject was required.

APPEAL from a judgment of the Superior Court of Santa Cruz County.

The action was brought on a promissory note by an indorsee. The further facts are stated in the opinion of the court.

*Underwood McCann, F. Adams,* and *V. A. Gregg,* for Appellant.

After the indorsement of a promissory note, it passes from hand to hand and is payable to bearer; consequently, in an action thereon by an indorsee it is necessary for the plaintiff to allege ownership at the time of the commencement of the action. (*Poorman* v. *Mills,* 35 Cal. 118; *Forbes* v. *County of El Dorado,* 12 Pac. C. L. J. 342; *Harris* v. *Hillgass,* 54 Cal. 663; *Miller* v. *Brigham,* 50 Cal. 615; *Garwood* v. *Hastings,* 38 Cal. 216. Chitty on Bills, 255; Daniel on Negotiable Instruments, sec. 663; Code Civ. Proc., sec. 367.)

*Goldsby & Jeter,* for Respondent.

The complaint is sufficient. The allegation that the plaintiff is the owner and holder of the note is not the averment of a fact, but of a legal conclusion. (Code Civ. Proc., sec. 426, subd. 2; *Doyle* v. *Phœnix Ins. Co.,* 44 Cal. 264; *Miles* v. *McDermott,* 31 Cal. 271; *Thomas* v. *Desmond,* 63 Cal. 426; *Wedderspoon* v. *Rogers,* 32 Cal. 569; *Poorman* v. *Mills,* 35 Cal. 118; *Hook* v. *White,* 36 Cal. 299.)

McKEE, J.—In this case the defendant interposed a demurrer to the complaint in the action, on the ground that the statement of facts was insufficient to constitute a cause of action.

The demurrer was overruled, and that is assigned as error.

The statement in the complaint shows that on the 15th of December, 1879, defendant made and delivered to Charles E. Russel the promissory note upon which the action is founded; that the note was payable to Russel or order; that Russel, on the 10th of July, 1881,

"indorsed, assigned, and delivered the note to the plaintiff"; that no part of the same has been paid, and that there was due and owing thereon, at the commencement of the action, the amount of the principal and interest, for which plaintiff demanded judgment.

The complaint was filed the 6th of March, 1882.

It is objected that the statement is insufficient to constitute a cause of action, because it does not show that the plaintiff, since the indorsement, assignment, and delivery of the note to him, continued to be the owner and holder of the note, or that he was the owner and holder thereof at the commencement of the action.

But it shows that the plaintiff acquired title to the note from the original payee by the "indorsement, assignment, and delivery." As matter of law, therefore, the title to the note passed to the plaintiff; and the legal presumption is also that he continued to be, and was at the commencement of the action, the owner and holder of the note, and as such the real party in interest and entitled to sue. These legal conclusions, deducible from the facts averred in the complaint, constitute no part of the allegations of facts necessary to constitute a cause of action. On the admitted facts, as stated in the complaint, the plaintiff was entitled to judgment: (*Wedderspoon* v. *Rogers*, 32 Cal. 569; *Poorman* v. *Mills*, 35 Cal. 121; *Hook* v. *White*, 36 Cal. 302; 1 Abbott's Forms, 228, and notes.)

Judgment affirmed.

SHARPSTEIN, J., MYRICK, J., MORRISON, C. J., and THORNTON, J., concurred.

Ross, J., dissenting.—I dissent. The cases are conflicting upon the point in question, but I think that those holding that the complaint must show by positive averment that the plaintiff is the owner of the note sued on at the time of commencing the action are right on principle and should be followed. *Facts* should be

alleged in pleading. As was said by this court in *Forbes v. County of El Dorado*, 12 Pac. C. L. J. 343: "The rule that a *status* or condition which existed in the past is *presumed* to continue is a rule of evidence, not of pleading."

McKINSTRY, J., concurred with Mr. Justice Ross.

Rehearing denied.