SCHUTTLER ET AL., RESPONDENTS, *v.* KING, APPELLANT.

[Argued October 24, 1892. Decided July 17, 1893.]

PLEADING—*Sufficiency of complaint on negotiable instrument.*—A complaint in an action on a promissory note which avers the execution and delivery of the note for a valuable consideration, stating the date, consideration, parties, principal sum, rate of interest, the amount due and unpaid, and that the plaintiffs are now the owners thereof and entitled to receive the money due and unpaid thereon, and have not indorsed or transferred said note, but that the same since its maturity has been lost, states a cause of action, and is not open to the objection that it does not show by any averment any promise in fact or by implication to pay any sum of money, or to pay the plaintiffs any money, nor when, according to defendant's promise, payment should be made.

LOST INSTRUMENT—INDEMNITY BEFORE SUIT.—Tender of indemnity before suit is not necessary to entitle a plaintiff to judgment in an action upon a lost negotiable instrument.

*Appeal from First Judicial District, Lewis and Clarke County.*

Action on promissory note. Judgment was rendered for plaintiffs below by BUCK, J. Affirmed.

*Thomas C. Bach*, for Appellant.

*Wade & Blackford*, for Respondent.

PEMBERTON, C. J.—This is a suit on a promissory note alleged to be lost. The allegations of the complaint, omitting the formal parts, are as follows: "That on the twenty-second

day of January, 1885, the said defendant, J. R. King, and Wheatly Bros., of Bozeman, Montana, for a valuable consideration, executed and delivered to the said Schuttler & Hotz, as such partners, their certain promissory note of that date, for the sum of six hundred and seventy-nine and seventy-four-hundredths dollars ($679.74), due on the 13th day of September, 1885, together with interest after maturity at the rate of 10 per cent per annum. That on the third day of January, 1887, the said J. R. King paid on said note the sum of $91.69. That no other sum or amount has been paid on said note, and that there is now due and unpaid on the same, from said defendant King, the sum of nine hundred and seventy-seven and forty-seven-hundredths dollars ($977.47), principal and interest to this sixth day of July, 1891. That the said plaintiffs are now the owners of said note, and entitled to receive the money due and unpaid thereon; that said plaintiffs, or either of them, have not indorsed or transferred said note, but that the same since its maturity has been lost."

The appellant (defendant below) was personally served with summons in this case, but made no appearance of any kind. Judgment was entered against him in accordance with the prayer of the complaint, on the sixth day of July, 1891. On the fourth day of June, 1892, this appeal was taken from the judgment. The contention of the appellant is that the complaint does not state facts sufficient to constitute a cause of action, or to sustain a judgment. The appellant especially contends that the complaint does not contain any of the following facts, each of which he claims the complaint should aver: " That the defendant ever made any promise to pay any sum of money, or any facts from which such a promise is by law implied. The complaint does not show by any statement of fact that any promise in fact or promise by implication to pay to plaintiffs, or either of them, any money. The complaint does not contain any statement of fact showing when, according to defendant's promise, payment should be made; that is to say there is no statement of a breach of the contract."

In *Hook* v. *White*, 36 Cal. 299, in a case similar to the one under consideration, the court says: "The allegation in the complaint, ' that said defendant executed to this plaintiff a

promissory note,' is equivalent to an allegation ' that defendant made his note payable to plaintiff;' and an allegation that defendant executed to plaintiff his note in writing, or made his note in writing payable to plaintiff, includes and imports a delivery of the same to plaintiff. (*Churchill* v. *Gardner,* 7 Term. Rep. 597; *Russell* v. *Whipple,* 2 Cow. 536.) The making and delivery of a promissory note by defendant to plaintiff imports a liability to pay in accordance with its terms, without any averment of a continuous holding or ownership; and after the allegation of the execution of the promissory note to plaintiff by defendant, a further allegation that plaintiff is still the owner and holder thereof would be surplusage. (*Poorman* v. *Mills,* 35 Cal. 118; 95 Am. Dec. 90; *Wedderspoon* v. *Rogers,* 32 Cal. 571.) Defendant not having denied the execution of the note to plaintiff, his liability to pay is a legal conclusion, and not having affirmatively alleged any fact showing that he had paid, or relieving him from the legal liability to pay, he was not entitled under his answer to offer any defense in evidence. (*Edson* v. *Dillaye,* 8 How. Pr. 274.)"

In *Ward* v. *Clay,* 82 Cal. 502, the court held: " Defects of form of averment or uncertainty cannot be urged upon general demurrer. . . . A complaint on a promissory note which states the material substance and legal effect of the note, showing its date, consideration, parties, principal sum, and rate of interest, and the amount due and unpaid, and avers that defendant refuses to pay the same, or any part thereof, and that plaintiff is still the owner and holder of the note,.is not subject to a general demurrer on the ground that a copy of the note is not embodied in the complaint." (See *Graves* v. *Drave,* 66 Tex. 658.)

Our Code of Civil Procedure, section 85, requires the complaint to contain "a statement of the facts constituting the cause of action, in ordinary and concise language."

From a consideration of these authorities, we are of opinion that the complaint states facts sufficient to constitute a cause of action, and therefore sufficient to sustain the judgment appealed from.

The appellant contends that, this being a suit upon a lost negotiable instrument, an indemnity bond should have been

given or tendered by respondents before suit to enable them to recover judgment.

We do not think that the tender of indemnity can be considered as any part of the plaintiffs' cause of action, or as a fact or event upon which their right of action accrues. (*Randolph* v. *Harris*, 28 Cal. 562; 87 Am. Dec. 139, and cases cited.) The appellant can fully protect himself by demanding indemnity at the proper time and in the proper manner.

We are of the opinion that the judgment in this case should be affirmed.

*Affirmed.*

HARWOOD, J., and DE WITT, J., concur.