[S. F. No. 3071.  Department One.—November 22, 1904.]

# D. A. CURTIN, Appellant, v. H. J. KOWALSKY, Respondent.

ACTION UPON JUDGMENT BY ASSIGNEE—PLEADING—OWNERSHIP—LEGAL CONCLUSION.—In an action upon a judgment by an assignee thereof, where the complaint alleges an assignment of the judgment, and also alleges that plaintiff is now the owner and holder of the judgment, the latter allegation is of a mere legal conclusion or presumption from the fact of assignment, and is unnecessary; and an answer denying each allegation presents an issue only as to the fact of the assignment.

ID.—PROOF OF ASSIGNMENT—GENERAL DESCRIPTION.—An assignment by the judgment creditor to the plaintiff of each and every judgment entered of record in his name carries the judgment sued upon, which was entered in his favor prior to the assignment, in the absence of evidence of any previous assignment or transfer thereof. Such assignment was admissible in evidence upon proof of its execution.

ID.—EFFECT OF PRIOR ASSIGNMENT—EXECUTED CONTRACT—CONSIDERATION—SUBSEQUENT ASSIGNMENT—EVIDENCE.—The prior assignment to the plaintiff carried the legal title to the judgment with the right to sue thereon, whether it was or was not supported by a consideration. It was an executed contract, and there could be no revocation or subsequent assignment thereof which could affect the legal title of the plaintiff. All evidence to show that plaintiff's assignment was not for value, and that the subsequent assignment was for a valuable consideration, was irrelevant and immaterial.

ID.—ASSIGNMENT IN TRUST—EQUITABLE RIGHTS OF SECOND ASSIGNEE NOT INVOLVED.—Although the assignment to the plaintiff was in trust for the assignor, and the assignor could convey his equitable interest therein, yet where the only issue was as to the fact of the assignment, without any plea in abatement, the rights of the second assignee cannot be adjudged, and the plaintiff may maintain the

action upon his legal title. The second assignee, though a *bona fide* purchaser for value, did not acquire a title superior to that of the plaintiff as prior legal assignee.

ID.—NOTICE OF ASSIGNMENT—RULE OF CAVEAT EMPTOR.—It was. not necessary for the plaintiff to put his assignment on file or to give notice of it to other persons who might be about to take a second assignment. The rule of *caveat emptor* applies in such case; and if the assignor has no legal title, the subsequent assignee will take none, whether he has notice or not.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. S. K. Dougherty, Judge presiding.

The facts are stated in the opinion of the court.

Vincent Neale, for Appellant.

T. J. Crowley, for Respondent.

SHAW, J.—The plaintiff appeals from an order granting defendant's motion for a new trial.

The action is to recover the sum due upon a money judgment. The complaint alleges that on January 4, 1894, one Joseph E. Shain recovered judgment in the superior court of the city and county of San Francisco against the defendant for a sum of money stated; that the judgment was duly entered on January 4, 1895; that on August 15, 1895, said Shain assigned the judgment to plaintiff, and that it has not been paid, either in whole or in part. The action was begun on December 20, 1899, nearly five years after the entry of the judgment. The answer denies that Shain at the time alleged, or at all, assigned the judgment to the plaintiff. This was the only issue presented for trial. The complaint further avers that the plaintiff "is now the owner and holder" of the judgment, and this is denied by the answer. But it was not necessary for the complaint to state that the plaintiff was the owner or holder of the judgment. Such ownership and holding was the legal result of the assignment, and that fact having been alleged, it follows as a matter of law that plaintiff thereby became the owner and holder thereof. This condition of ownership is presumed to continue, and it was not necessary to allege that plaintiff

was the owner at the time the action was begun. Such an allegation, or its equivalent, is required in actions to recover the possession of specific property, but not in actions to recover on money demands. (*Pryce* v. *Jordan,* 69 Cal. 571; *Poorman* v. *Mills,* 35 Cal. 121;[1] *Wedderspoon* v. *Rogers,* 32 Cal. 572; *Hook* v. *White,* 36 Cal. 302; *Monroe* v. *Fohl,* 72 Cal. 570; *Clemens* v. *Luce,* 101 Cal. 436.)

We think the court erred in granting the motion for a new trial. The plaintiff, upon due proof of its execution introduced in evidence a contract of assignment bearing date August —, 1895, whereby the original judgment creditor, Joseph E. Shain, "sold, assigned, transferred, and set over," to the plaintiff all the right, title, and interest of Joseph E. Shain "in each and every judgment standing of record in his name." It being admitted by the pleadings that the judgment sued on was given and entered in favor of Joseph E. Shain as alleged, and there being no evidence of any previous assignment or transfer, it necessarily stood of record in his name in August, 1895. It therefore came within the description contained in the contract of assignment, and it follows that the title to the judgment was thereby assigned and transferred to the plaintiff. On the issue presented, this evidence was sufficient to support the finding and judgment.

The defendant introduced evidence to prove that after the assignment to the plaintiff, Shain had for a valuable consideration executed another assignment, purporting to transfer the judgment to H. S. Shain, who had in turn assigned it to R. T. Harding, also for a valuable consideration, and that there was no consideration for the assignment of the judgment by Shain to plaintiff other than an agreement that plaintiff was to hold and manage this and other judgments as trustee for Shain for certain purposes. The plaintiff did not admit that the assignment to him was not for a valuable consideration, and he introduced some evidence to the contrary.

In considering the relevancy and materiality of this evidence, it is to be observed that the defendant presented no issue, except as to the fact of the assignment; that he did not plead in abatement that another action was pending against him by the other claimant, nor present a cross-complaint ask-

[1] 95 Am. Dec. 90.

ing that the other claimant be required to interplead, nor did he ask that the other claimant be made a party; and he does not claim that he has paid any part of the judgment to any person. The rights of the second assignee are not involved and cannot be adjudged. The simple questions of law are presented whether or not a consideration is necessary to support an assignment, and whether or not such an assignment, if without a valuable consideration, can be revoked, or is annulled by a subsequent assignment to another.

Prior to the adoption of the codes it was held that, inasmuch as a judgment was not assignable at common law, the effect of such assignment was to transfer an equitable title only, but that such title vested in the assignee all the beneficial interest in the judgment, and gave him the right to enforce it by process in the name of the judgment plaintiff. (*Wright v. Levy*, 12 Cal. 262-263.) It was said to be property, however, which could be purchased, the same as any other species of property. (Ibid.) Under the code there is no limitation upon the power to assign choses in action, including judgments, and it is clear from its provisions that such an assignment carries the legal title to the judgment, and that the transfer of the title does not depend upon the fact of there being a valuable consideration. It is provided that "Property of any kind may be transferred, except as otherwise provided by this article" (Civ Code, sec. 1044), and the only exception made in the article is that of a possiblity not coupled with an interest. A judgment is therefore property which can be transferred. A transfer is declared to be "an act of the parties, or of the law, by which the title to property is conveyed from one living person to another." (Civ. Code, sec. 1039.) It is further provided that "A voluntary transfer is an executed contract, subject to all the rules of law concerning contracts in general; except that a consideration is not necessary to its validity" (Civ. Code, sec. 1040), and that "A transfer vests in the transferee all the actual title to the thing transferred which the transferrer then has" (Civ. Code, sec. 1083), and also all of its incidents (Civ. Code, sec. 1084.)

The effect of these rules as applied to the facts of this case is that the assignment vested in the plaintiff all of the title of Joseph E. Shain to the judgment. Nothing remained in

him which could be the subject of a subsequent assignment, excepting such equitable interest, if any, as he might have by reason of any trust that may have existed in his favor. The subsequent assignment would carry such equitable interest, if there was any; otherwise, it would be ineffectual. But the question whether or not there was any such equitable interest or trust could not be litigated in this action under the denial of the fact of assignment, if indeed it could be litigated at all in the name of the defendant. The plaintiff had the legal right to sue for the amount due upon the judgment, although he held the title as trustee. He held the legal title, and was the real party in interest, so far as the defendant was concerned.

It was not necessary for the plaintiff to put his assignment on file, or to give notice of it to other persons who might be about to take a second assignment. The other claimant, although a *bona fide* purchaser for value, did not acquire a title superior to that of the plaintiff. With respect to judgments this court has said: ''The rule of *caveat emptor*—so far as any interest acquired as against third parties is concerned—applies to them in the same manner as in the purchase of any other personal property. If the assignor has no title, they will take none, whether they have notice or not.'' (*Mitchell* v. *Hockett*, 25 Cal. 544.[1] See, also, *Southard* v. *McBrown*, 63 Cal. 545; *Fore* v. *Manlove*, 18 Cal. 437.) The title having passed from Shain to the plaintiff by the assignment, it being an executed contract, there could be no revocation or retransfer effected by the act of Shain alone. His subsequent purported transfer of the same judgment did not affect the title of the plaintiff.

It follows that all the testimony relative to the want of consideration and the subsequent transfer was irrelevant and immaterial. There were some errors assigned in the statement on motion for new trial upon rulings of the court adverse to the defendant with respect to this evidence. As we have reached the conclusion that this entire inquiry was immaterial and irrelevant to the issue as to the fact of the assignment, it will not be necessary to consider these alleged errors, for they could not, in any event, be sufficient to justify the granting of a new trial.

[1] 85 Am. Dec. 151.

The only other error assigned was the action of the court in overruling an objection to the introduction of the assignment to the plaintiff. The ground of the objection was, that it was immaterial and incompetent, that no foundation had been laid, and that no particular judgment was described. There was sufficient proof of its execution, it was manifestly material and competent, and the want of a specific description was supplied by the admitted facts which showed that it came within the terms of the general description. There was no error in the ruling on the objection. We find no ground upon which to support a motion for a new trial.

The order granting a new trial is reversed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.