[Civ. No. 1541. Third Appellate District.—May 15, 1916.]

F. HOOPER et al., as Copartners, etc., Respondents, **v.**
SPARROW SMITH, Appellant.

APPEAL—JUDGMENT BY DEFAULT—NOTICE OF ORDER OVERRULING DE-
MURRER—PRESUMPTION FROM RECORD.—Upon an appeal taken from
a judgment entered for failure to answer after demurrer overruled,
it will be presumed that notice of the order overruling the demurrer
was given, where such appeal is taken upon the judgment-roll with-
out any statement or bill of exceptions.

ACTION FOR GOODS SOLD—PLEADING—PRESUMPTION AS TO OWNERSHIP
OF DEBT.—In an action for goods sold the complaint sufficiently
shows the ownership of the indebtedness at the time of the filing
thereof, where it is alleged that the defendant was indebted to the
plaintiff for such goods on a date prior to the filing of such com-
plaint, and it is further alleged that such indebtedness has not
been paid to the plaintiff.

APPEAL from a judgment of the Superior Court of
Solano County. W. T. O'Donnell, Judge.

The facts are stated in the opinion of the court.

White, Miller, Needham & Harber, for Appellant.

Francis C. McInnis, for Respondents.

ELLISON, J., *pro tem.*—The complaint in this action was
filed January 20, 1915. The first paragraph thereof alleges
that the plaintiff is a copartnership. The second paragraph
is: "That on the 1st day of January, 1915, the defendant
above named was indebted to plaintiffs above named in the
sum of five hundred and fifty dollars and 42/100 ($550.42)
on an open book account for goods, groceries, wares and mer-
chandise sold and delivered by plaintiffs above named to
defendant above named, between the 1st day of September,
1911, and the 31st day of August, 1914, at defendant's special
instances and requests." The third paragraph is: "That
said defendant has not paid the same, nor any part thereof"
and the prayer is for judgment for the amount alleged in
the complaint as due.

To this complaint a demurrer was interposed by the de-
fendant. March 22, 1915, the court made an order overruling

the demurrer and giving the defendant ten days to answer the complaint. April 5, 1915, no answer having been filed, the default of the defendant was entered and judgment in favor of the plaintiffs and against the defendant for the amount prayed for in the complaint was made and entered. The first paragraph of the judgment so entered reads: "In this action the defendant, Sparrow Smith, having failed to appear and answer plaintiffs' complaint herein, and the legal time for answering having expired, and the default of said defendant in the premises having been duly entered according to law, now at this day on application of Francis C. McInnis, attorney for said plaintiffs, it is ordered," etc. From the judgment as entered the defendant has brought this appeal upon the judgment-roll without any statement or bill of exceptions.

In his opening brief he states that he relies upon two points for a reversal, viz.: 1. "No notice was given of the order overruling the demurrer as required by section 476, Code of Civil Procedure, and the clerk had no authority to enter the judgment," and 2. "That the complaint does not state facts sufficient to constitute a present cause of action."

Appellant's first point cannot be considered on appeal from the judgment in the absence of any bill of exceptions. This is clearly decided in *Catanich* v. *Hayes*, 52 Cal. 338, wherein it is stated: "The notice of the overruling of the demurrer to the complaint if one was given, would not of itself form a part of the judgment roll; and if a party desires to have it appear from the judgment roll that such notice was or was not given he may incorporate the fact in a bill of exceptions, and the bill will be included in the judgment roll. The judgment before us recites that the time allowed by the court for answering had expired; and the record being silent as to the time allowed therefor, as well as to the giving of notice of the overruling of the demurrer, it will be presumed, in support of the judgment, that the court, before ordering entry of the judgment, had satisfactory evidence that the time for answering had expired." As counsel for appellant in his reply brief makes the following concession—"Respondent cites authorities showing that the notice of the order overruling the demurrer is not a part of the judgment roll. This being so, the first point made by us is not well taken on this appeal"—the point need not be further discussed.

Appellant's second point, that the complaint does not state a present cause of action in favor of the plaintiffs and against the defendant, is based upon this consideration: That the complaint was filed on the twentieth day of January, 1915, and alleges that, on the first day of January, 1915, the defendant *was* indebted to the plaintiffs. Counsel's claim is that these allegations are not sufficient in a pleading to show that on *January 20th* the defendant was indebted to the plaintiff.

The complaint contains the further allegation: "That the defendant has not paid the same, nor any part thereof."

It is clear from the language of the complaint that, on January 1, 1915, the defendant was indebted and that the plaintiffs were the owners of that indebtedness. It is equally clear that, on January 20th, the defendants were still indebted to the amount stated in the complaint, but it is appellant's claim that it is not clear that, on January 20th, the indebtedness was owned by the plaintiffs. It is suggested that in the interim they may have sold it to someone else and that the pleading should have negatived this possibility.

*Pryce* v. *Jordan,* 69 Cal. 569, [11 Pac. 185], was an action upon a promissory note. The complaint alleged the making of the note December 15, 1878, the indorsement of the same to plaintiff July 16, 1881, and the suit was brought March 6, 1882. A demurrer to the complaint was filed, and it was contended that the complaint was insufficient because it did not show that plaintiff since the indorsement and delivery of the note to him had continued to be the owner and holder of it, or that he was such at the commencement of the action. This is exactly the position now taken here by the appellant. Deciding the point the court said: "But it shows that the plaintiff acquired title to the note from the original payee by the indorsement, assignment and delivery. As matter of law, therefore, the title to the note passed to the plaintiff and the legal presumption is also that he continued to be and was, at the commencement of the action, the owner and holder of the note, and as such the real party in interest and entitled to sue. These legal conclusions, deducible from the facts averred in the complaint, constitute no part of the allegation of facts necessary to constitute a cause of action."

The complaint alleging the ownership of the indebtedness on January 1st by the plaintiffs, the legal presumption is that

they were such owners on January 20th, and this legal conclusion need not be alleged. There are decisions holding that in actions to recover specific property it is necessary to allege that plaintiff was the owner at the time of bringing action, and counsel for appellant has referred to some of them in his brief. "Such an allegation or its equivalent," says the supreme court, in *Curtin* v. *Kowalsky,* 145 Cal. 431, [78 Pac. 962], in construing an action to recover upon a money judgment, "is required in actions to recover specific property, but not in actions to recover on money demands." (*Rock Ridge Park Co.* v. *Wells,* 27 Cal. App. 281, [149 Pac. 792].)

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.