Crumb *v.* Oaks.

---

### EDWARD CRUMB *v.* HUBBARD D. OAKS.

*Trover.   License.   Damages.   Husband and Wife.*

The plaintiff and his wife had difficulty and separated, and he subsequently told her that "if she was not going to live with him again she might have a part of the household furniture," but nothing was said as to what articles, or how much she should have. *Held,* that this language did not import a license to the wife to go to the plaintiff's house in his absence and take away whatever she pleased without his knowledge or consent.

The plaintiff and his wife having separated, the defendant assisted the wife in a wrongful taking and removal of the plaintiff's household furniture. *Held,* that in an action of trover against the defendant therefor, the rule of damages was correctly held to be the value of the property, with interest, notwithstanding it had been in the exclusive use and possession of the plaintiff's wife.

TROVER for certain articles of household furniture, a cow, a lamb, a hog, and other property. Plea, the general issue, and trial by jury at the December Term, 1865, KELLOGG, J. presiding.

The plaintiff's evidence tended to show that, on or about the first day of September, 1863, he was possessed of the goods and chattels in his declaration mentioned; that he then resided in the town of Florida, Massachusetts, about eight miles distant from the residence of the defendant in Readsboro, Vermont; that several weeks previous to the said first day of September, 1863, he, the plaintiff, and his wife, by reason of some disagreements between them, had separated, and that his wife left his house, taking their two children with her; that her thus leaving him and taking away the two children

was without his consent; that in a few days after the said 1st day of September, 1863. she then living in and occupying a part of the defendant's dwelling house, in Readsboro, went in company with the defendant and others to the plaintiff's dwelling house in Florida, while the plaintiff was absent from home on a journey, and that she, finding the house fastened, removed the fastening and broke into the house, and in the absence and without the knowledge or consent of the plaintiff, took and carried away the household furniture and other property, and drove away the cow and lamb, in the declaration mentioned; that the defendant was present when she broke into the house and assisted her in removing the property in question, and in converting it to her own use; and that the property so taken and removed by her was almost the whole of the personal property then owned by the plaintiff which had any value. The plaintiff's evidence also tended to show the value of the property so taken and removed as aforesaid, at the time when the same was taken.

The defendant's evidence tended to show that after the plaintiff and his wife had thus separated, and while the plaintiff's wife was at the house of one Smith Hix, and about a month or more before she went to live in the dwelling house of the defendant as above stated, and about the same length of time before the taking and removing of the said property by her as above stated, the plaintiff came to the house of the said Hix, and in the presence of the defendant and others, had a conversation with her, in regard to their difficulties, and also in regard to living together again, and also in regard to his property; and that, on this occasion, she refused to go back to live with him again, and that he, among other things, told her in substance "that if she was not going to live with him again, she might have a part of the household furniture, and might come and get it; that if she wanted the cow she might come and get it, and that if she wanted the cosset lamb, which had always been called hers, she might come and get it."

The defendant's evidence then tended to show that the plaintiff's wife, about this time, through her son in law, hired a part of the defendant's house and lived therein for a year. His evidence in respect to the taking and removal of said property did not differ materially from the plaintiff's evidence upon the same point, except that it

---

---

tended to show that he was present and near the house, but not in it, when the plaintiff's wife entered and removed the household furniture mentioned, and that he never used or appropriated any of the property so taken, except by being present and assisting the plaintiff's wife in removing the same to her tenement in his house.

The defendant requested the court to charge the jury that if they believed the evidence as to what transpired at the house of Smith Hix, between the plaintiff and his wife, in the presence of the defendant, they would be at liberty to infer a license to take the household furniture sued for, as well as the cow and cosset lamb, even though the plaintiff did not designate the articles which he was willing that she should take ; and also that if the jury found that none of the articles sued for ever came to the use of the defendant, but were by the plaintiff's wife used and appropriated by her to the use of herself and the plaintiff's children, and were still in the possession of the plaintiff's wife, and subject to her control, these facts might be considered by the jury in mitigation of damages.

The court, upon this branch of the case, declined so to charge the jury, but did charge in substance, that that conversation did not amount to a license as claimed, and that if the defendant assisted her in taking and removing the property away from the possession and control of the plaintiff, knowing that it was so taken and removed without the knowledge and contrary to the will of the plaintiff, and did this with the intent to aid the plaintiff's wife in appropriating the property to her separate use, and to exclude the plaintiff from the possession, enjoyment and control of it, such act of the defendant was an unlawful interference with the plaintiff's right to the property, and constituted such an unlawful taking and conversion of the property by the defendant as was necessary to support the action, and that, in that case, the plaintiff was entitled to recover as damages the value of the property so unlawfully taken and converted by the defendant, with interest thereon from the time of such taking and conversion up to the time of trial.

In respect to the cow and cosset lamb, and all other parts and aspects of the case, the court charged the jury in a manner satisfactory to the defendant. To the omission of the court to charge the jury as requested by the defendant, and to the charge as given upon the matter

of said request, the defendant excepted. The jury returned a verdict in favor of the plaintiff for $66.37 damages.

*Charles N. Davenport*, for the defendant.

————, for the plaintiff.

The opinion of the court was delivered by

PECK, J. The first exception taken by the defendant is to the refusal of the court to instruct the jury that they were at liberty to infer from that conversation between the plaintiff and his wife, a license to take the household furniture, although the plaintiff did not designate the articles he was willing she should take. We think the court was right in refusing this instruction, and in charging that it did not amount to a license. We think it is obvious that the language used does not import a license. We do not think that the plaintiff, at the time, intended it as a license to be acted upon until something more definite was fixed upon as to what articles, and how much, of the household property she should have. The parties evidently understood that some further negotiation as to what furniture the wife should have, was necessary, before she could act upon that indefinite conversation, so far as it related to the household furniture. The defendant and the plaintiff's wife were not justified in putting any other construction upon it, and the jury would not have been justified in finding a license so manifestly contrary to the intention and understanding of the parties.

The defendant objects also to the rule of damages adopted by the court in the instructions to the jury, that is, the value of the property. It is insisted that the fact that the property went to the use of the plaintiff's wife, ought to have been considered in mitigation of damages. It is true there are many cases where a defendant has wrongfully taken the plaintiff's property, and it has subsequently gone in some legal way to the plaintiff's benefit, it may be shown in the mitigation of damages; as where it has been levied on and sold on execution against the plaintiff. But in this case we can not say that the property, by being used and appropriated by the wife, went to discharge any legal obligation of the plaintiff. There is nothing in the case to show that the wife was justified in leaving her husband. The original taking by the wife and the defendant, being wrongful and against the will of the plaintiff, the subsequent use of it by the

37

wife can not mitigate the wrong, as there is nothing to show a sub-
sequent assent, or waiver of the tort, by the plaintiff.   The willing-
ness previously expressed by the plaintiff that his wife might have a
part of the furniture, if it did not amount to a license, can not go in
mitigation, at least not to mitigate the damages below the value of
the property.   What the plaintiff said or proposed in that conversa-
tion was a mere gratuity, and was revocable.   Whatever seeming
equity there may be in favor of the defendant, arising from the fact
that the plaintiff had proposed to divide the furniture with his wife,
that she probably would have had a portion of it had she called on
the plaintiff for it, and that what was taken has gone for her use and
benefit, these considerations can not in law avail the defendant to re-
duce the damages below the value of the property.   As to the charge
in relation to the cow and cosset lamb there is no exception.

Judgment affirmed,