C. W. MARSH ET AL., PLAINTIFFS IN ERROR, V. CARL
SYNDER, DEFENDANT IN ERROR.

1. **Irrelevant testimony.** On the trial of an action for the price of a Marsh wind mill, sold with warranty as to its capacity for pumping water, the defense being that the mill failed to come up to the requirements of the warranty, testimony showing the worthless character of another mill of the same name, and purchased by the witness from the same parties from whom the mill in controversy was obtained, is irrelevant and inadmissible.

2. **Evidence:** BILL OF EXCEPTIONS. When the judge, in a bill of exceptions, certifies that the plaintiffs "introduced evidence tending to prove the allegations of the bill of particulars," this will be taken as showing, sufficiently for a proceeding in error, that there was evidence enough to submit to the jury, and to have warranted a finding in their favor upon the issue joined.

3. ———: EXCEPTION TO ILLEGAL TESTIMONY: WAIVER. Where an exception is duly taken to the admission of illegal testimony, it is not waived by cross examining the witness respecting it.

ERROR to the district court for Seward county. Tried below before POST, J.

*McKillip & Page,* for plaintiff in error, cited: Greenleaf on Evidence, sec. 51.   1 Wharton's Evidence, sec. 29, and note 3.   *Mailler v. Propeller Co.,* 61 N. Y., 312.   *Maginn v. Railroad,* 115 Mass., 240.   *Gov. v. Campbell,* 17 Ala., 566.   *McCartney v. The Territory,* 1 Neb., 121.   *Bank v. Whinfield,* 24 Wend., 419.   *Jackson v. Tuttle,* 7 Cowen, 364.

*Norval Brothers,* for defendant in error.

Plaintiffs did not establish a fulfillment of warranty. *Schultz v. Lepage,* 21 Ill., 159.   *Berdell v. Berdell,* 80 Ill., 607.   *Christ v. Wray,* 76 Ill., 205.   *R., R. I. & St. L. R. R. Co. v. Rafferty,* 73 Ill., 62.   Richey's testimony was competent.   *Brooks v. McDonnell et al.,* 41 Wis., 139. *Taylor v. Boggs,* 20 O. S., 516.   If irrelevant and incompetent, yet by plaintiffs' cross-examining Richey upon all his testimony, and by calling Gerrans to disprove the same matter, is a waiver of the error.   *Oropsey v. Averill,* 8 Neb., 158.   1 Greenleaf Ev., sec. 421.   *Flagg v. Mann,* 2 Sumn., 487.   *Donalson v. Taylor,* 8 Pick., 390.   *Burden v. People,* 26 Mich., 165.

LAKE, CH. J.

This is a proceeding in error from Seward county to reverse the judgment of the district court, affirming that of the county court, rendered in an action brought by the plaintiffs in error for the price of a Marsh wind-mill, purchased by the defendant in error.

The sale of the mill was by a written contract, with warranty as to its working capacity in pumping water.   The defense relied on was the failure of the mill to come up to this requirement of the warranty.   The error complained of in the ruling of the county court was in the admission of the testimony of the witness Richey, called by the defendant, to the effect that a certain other wind-mill, of the same name, which he had purchased from the same parties

as the defendant purchased his, was a failure, and not equal in capacity to another mill, of a different pattern, which he had afterwards obtained for use on his farm.

This testimony was clearly objectionable, and ought to have been excluded. The fact that the mill bought by the witness was defective, did not tend to prove that the defendant's was a poor one. The only effect of this testimony was to mislead the jury, and to cause them to infer that if Richey's mill was a failure, that of the defendant was probably a failure also. In order to have made this testimony pertinent to the issue, some material defect, as in the design or construction of the mills, which was common to both, must have been shown. This, however, was not attempted.

In 1 Phillips on Evidence, 748, it is said " that no reasonable presumption can be formed as to the making or executing of a contract by a party with one person, in consequence of the mode in which he has made or executed similar contracts with other persons." Transactions which fall within this class "are termed in law *res inter alios acta,* and evidence of this description is uniformly rejected." And as an example of the application of the rule a case is cited where the question was as to the quality of beer to be furnished by the plaintiff to the defendant, and it was held that evidence could not be admitted of the quality of beer supplied by the plaintiff to other persons.

But counsel for the defendant contend that, even if this testimony were inadmissible, the judgment should not be disturbed, because, as they say, the plaintiff was not entitled to recover without it, there being no evidence of the mill in question coming up to the requirements of the warranty. If the record justified this assumption, it would probably be fatal to this proceeding, for the plaintiff's must recover, if at all, on the strength of their own case, and not on the weakness of the defendant's, nor because of the admission of erroneous evidence against them. There is no

warrant, however, for the assumption that the plaintiffs could not, in any event, have recovered. The evidence was not all preserved. And the county judge, in the bill of exceptions, certifies that the plaintiffs " introduced evidence tending to prove the allegations of the bill of particulars," which must, for the purposes of this proceeding, be taken as showing that there was evidence sufficient to submit to the jury, and to have warranted a finding in their favor upon the issue joined.

Another point made on behalf of the defendant is, that although the testimony was inadmissible, the error of admitting it was cured by the cross-examination of the witness respecting it, and authorities are cited to support this view. These cases, however, do not so hold. That of *Cropsey v. Averill*, 8 Neb., 151, was where, after an exception to an erroneous cross-examination, the party excepting not only went more fully into the matter on a re-examination, but actually gave in evidence the identical bond which the cross-examination related to. The case of *Donalson v. Taylor*, 8 Pick., 390, was where the objection to a witness, incompetent by reason of his interest, was not made until after he had been sworn and examined; and it was held that the objection came too late. Where an exception is duly taken to the admission of illegal testimony, it is not waived by a mere cross-examination of the witness respecting it.

The objection to a reversal of the judgment of the district court, on the ground that the judgment of the county court was not final, cannot be sustained. If the judgment was not final then the district court had no jurisdiction, and the judgment of affirmance was erroneous, for it is only final judgments that can be reviewed.

The judgments of the district and county courts are reversed, and the cause remanded to the district court to be proceeded with in conformity to law.

REVERSED AND REMANDED.