McNaughton, Respondent, vs. Ticknor, Appellant.

*February 21—March 11, 1902.*

*· Creditors' actions: Statutes: Amendments construing existing stat-
utes: Retroactive effect: Constitutional law.*

1. It is the established rule in Wisconsin that, where creditors of a
corporation seek to charge stockholders on account of any·
liability created by law, there can be but one action and that.
in equity, in which the rights of all parties interested must be
determined and enforced.

2. Ch. 129, Laws of 1901, amending sec. 3223, Stats. 1898, relative·
to enforcing the liability of stockholders by the creditors of a
corporation (by providing that no remedy given thereby shall
be construed to be exclusive, so as to preclude the enforcement
of any such liability in an additional action, if there are parties
or property that cannot be reached by the first action or judg-·
ment), does not purpose to overturn former adjudications, but
to provide a remedy for future cases, and is a valid exercise of·.
legislative power as to an action commenced, but not prose-
cuted to judgment, when the act became a law.

3. Giving ch. 129, Laws of 1901, prospective effect only, it cannot be·
said to be void because it is an attempt by the legislature to
construe an existing statute.

Appeal from an order of the superior court of Douglas·
county: Chas. Smith, Judge. *Affirmed.* ·

The plaintiff brings this action, on behalf of himself and
other creditors of the Bank of West Superior, against the·
defendant, to enforce his statutory liability as a stockholder
of said bank. The complaint alleges (1) that the Bank of
West Superior was a bank organized under the laws of this·
state, with a capital of $50,000; (2) that the bank made
a voluntary assignment on December 23, 1896; (3) that it
was then grossly insolvent, owed large sums of money, had
closed its business, and had no assets or property; (4) that
at the time of·such assignment the plaintiff was a depositor
in said bank; (5) that plaintiff filed his claim, and has re-
ceived a dividend, and that there is now due him $1,077.81

.and interest; (6) that in December, 1900, a suit was begun by a creditor to enforce the liability of all stockholders under the statute, and that the summons and complaint was served on all the stockholders that could be found in the .state; (7) that defendant was not within the state, could · not be found, and was not served; (8) that plaintiff became a party plaintiff in said suit in January, 1901; (9) that ·said suit, as to defendant, was dismissed on May 14, 1901, without prejudice; (10) that on said last-mentioned day judgment was entered in said action in favor of the plaintiff creditors for the amount of their claims against all of the stockholders except defendant; (11) that before this .action was begun an execution was issued on said judgment, .and was returned wholly unsatisfied; (12) that said judgment is wholly unpaid, and each of the judgment debtors is insolvent; (13) that defendant was a stockholder in said ·bank, holding thirty-four shares,* of the value of $3,400; (14) that all the assets of the bank have been disposed of .and distributed to creditors, and were not sufficient to pay its creditors.

The defendant demurred on the ground that the court had no jurisdiction of the action, that there was a defect of parties defendant, and that the complaint does not state facts sufficient to constitute a cause of action. Overruled, and defendant appeals.

For the appellant the cause was submitted on the brief of *Henry E. Ticknor*, in *pro. per.*, and for the respondent on that of *H. V. Gard.*

BARDEEN, J. The decisions of this court have established the rule that when creditors of a corporation seek to charge stockholders on account of any liability created by law, under sec. 3223, Stats. 1898, there can be but one action, and that in equity, in which the rights of all parties interested must be determined and enforced. *Foster v. Posson,*

105 Wis. 99; *Finney v. Guy,* 106 Wis. 256; *Rehbein v. Rahr,* 109 Wis. 136.   Such is now the rule in this state,. unless it has been changed by ch. 129, Laws of 1901.   That chapter amends sec. 3223 by adding at the end thereof the following:

"Provided that no remedy given in this chapter shall be construed to be exclusive, so as to preclude the enforcement of any liability herein mentioned in an additional action or actions if there are parties or property that cannot be reached by the first action or judgment."

This law is said to be void because it is an attempt to *construe* an existing statute by the legislature, the construction of which is a judicial function, which belongs exclusively to the courts.   This question, whenever it arises, is always one of great importance.   The constitution creates the three branches of government,—legislative, executive, and judicial,—and makes them as independent and untrammeled as it is possible for parts of a connected whole to be. The true distinction between them is as stated by Chief Justice MARSHALL in *Wayman v. Southard,* 10 Wheat. 46, as follows:

"The difference between the departments undoubtedly is that the legislature makes, the executive executes, and the judiciary construes the laws."

When an act has been passed by the legislature, it becomes the law of the land, as interpreted and applied by the courts.   In some instances legislatures have deemed it proper to pass acts declaratory of the intent and purpose of former acts.   Such acts are always, in a sense, retrospective; but where they are made to retroact on past controversies, and to reverse decisions which the courts have made, they have uniformly been held invalid.   See cases cited in Cooley, Const. Lim. (6th ed.), 112, 113.   Where, however, the courts have considered such acts as reasonably within the field of legitimate legislative action, they have been given

prospective effect only. *Greenough v. Greenough,* 11 Pa. St. 489; *People ex rel. Mut. L. Ins. Co. v. Sup'rs of New York,* 16 N. Y. 424. Considering this subject, Mr. Cooley says (Const. Lim. [6th ed.] 111):

"The decision of this question must depend, perhaps, upon the purpose which was in the mind of the legislature in passing the declaratory statute,—whether the design was to give to the rule now declared a retrospective operation, or, on the other hand, merely to establish a construction of the doubtful law for the determination of cases that may arise in the future. It is always competent to change an existing law by a declaratory statute, and, when the statute is only to operate upon future cases, it is no objection to its validity that it assumes the law to have been in the past what it now declared that it should be in the future. . . . But in any case the substance of the legislative action should be regarded, rather than the form; and, if it appears to be the intention to establish by declaratory statute a rule of conduct for the future, the courts should accept and act upon it without too nicely inquiring whether the mode by which the new rule is established is or is not the best, most decorous and suitable that could have been adopted." Page 113.

The obvious purpose of chapter 129 is to give the creditors of the insolvent bank the right to prosecute stockholders who were out of reach of the court when the affairs of the bank were being wound up. Giving it prospective effect only, there is nothing wrong or unjust in this legislation. It might have been more fortunately worded. Still, when we consider the substance of the act, it seems quite evident that there was no legislative purpose to overturn former adjudications under the statute, but to provide a remedy for future cases. The defendant had no vested right in the former situation. He did not discharge his obligation to contribute as a stockholder by absenting himself from the state. Judgment had not been obtained in the former action when this act became a law. He was liable on his stock absolutely when it went into force, and his obligation is not enlarged

by its terms. The legal effect of the enactment was to continue the remedy of the creditors beyond the entry of judgment in the first action, and to permit their rights to be worked out when jurisdiction of the delinquent stockholder could be obtained. Applying it only in a prospective sense, we see no reason why it may not be upheld as a valid exercise of legislative power.

*By the Court.*—The order is affirmed.