[Civ. No. 1360. Third Appellate District.—April 28, 1915.]

## ROCK RIDGE PARK COMPANY (a Corporation), Respondent, v. C. B. WELLS et al., Appellants.

Foreclosure of Mortgage—Ownership of Note—Sufficiency of Complaint.—A complaint in an action for the foreclosure of a mortgage which omits to allege that the plaintiff was the owner and holder of the note at the time it exercised the option prescribed by the note to declare and treat the whole of the principal and accrued interest due and payable, upon the default in the payment of interest as in the note provided, is sufficient as against a general

demurrer, where it is declared in the complaint that the defendants executed the note and mortgage, that the balance due thereon is due, owing, and unpaid from defendants to plaintiff and that the plaintiff exercised its option to declare the whole sum due.

Id.—Delivery of Note—Sufficiency of Complaint.—Such a complaint is not insufficient because of the omission to allege that the note was delivered to the plaintiff, where the delivery of the mortgage which secured the payment of the note is alleged.

APPEAL from a judgment of the Superior Court of Alameda County.    Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

Wright, Wright & Stetson, for Appellants.

Elmer E. Nichols, and J. A. Elston, for Respondent.

HART, J.—The plaintiff brought this action for a decree foreclosing a certain mortgage executed and delivered by the defendants to the plaintiff to secure the payment of a promissory note for the sum of forty-eight thousand dollars, which was executed by said defendants in favor of the plaintiff.

The note in suit, which is set out in the complaint *in haec verba*, was made and is dated on the fifteenth day of March, 1912, and was payable "on or before" three years after its date.    It called for interest at the rate of six per cent per annum, payable annually, and further provided: "And in case said interest is not paid within one month after the same becomes due, it shall be added to the principal and bear a like rate of interest until paid, and the whole of said principal and interest shall forthwith become due, at the option of the holder thereof, without notice."

This action was filed on the eighth day of May, 1913, and it is alleged in the complaint "that no interest on said principal sum mentioned in said promissory note, and in said mortgage, has been paid; that, on the twenty-seventh day of November, 1912, the sum of four thousand six hundred dollars in United States gold coin, on account of the principal sum mentioned in said promissory note and mortgage, has been paid; that no part of the balance of said principal, to wit, the sum of forty-four thousand three hundred dollars, has been paid, and the whole thereof is now due, owing and unpaid from said defendant, C. B. Wells, to plaintiff," etc.

The complaint further alleges that, on the sixteenth day of April, 1912, "and during the time of default in payment of interest, and more than one month after the same became due, the said plaintiff, . . . etc., exercised its option to declare, and did declare, the whole amount of principal and interest to be immediately due and payable, and the same is now due and payable, as heretofore alleged."

It is then alleged that the "plaintiff is now the lawful owner and holder of said promissory note and said mortgage."

The mortgage is by the complaint expressly made a part thereof, and that instrument contains a copy of the note pleaded in full in the complaint.

A demurrer to the complaint for want of sufficient facts was filed by the defendants, and the same overruled. The defendants failed to answer the complaint within the time allowed by the court after the order overruling the demurrer, and a decree was thereupon entered in favor of the plaintiff.

This appeal is by the defendants from said judgment.

The only point made by the defendants is that the complaint fails to state a cause of action because it omits to allege that the plaintiff was the owner and holder of the note at the time it exercised the option, prescribed by the note, to declare and treat the whole of the principal of and the accrued interest on the note as due and payable upon the default in the payment of the annual interest for one month after such interest became due.

We think the point is groundless.

All the material facts stated in the complaint are admitted to be true by the demurrer. It is declared in the complaint that the defendants executed the note in suit and set out in the complaint and as security therefor executed and delivered to the plaintiff the mortgage to foreclose which is the object of this action. It is further alleged, as seen, that the balance due on the principal of the note and the interest thereon have not been paid, and that "the whole thereof is now due, owing and unpaid from said defendant, C. B. Wells, to plaintiff." It is, moreover, alleged that the plaintiff exercised *its* option to declare and did declare the whole amount of principal and interest to be immediately due and payable, etc. If this last mentioned averment is not sufficient in itself to show ownership in the plaintiff at the time of the exercise of the option, then the allegations just previously referred to certainly show

such ownership at the time of the execution of the note and mortgage, and this condition of ownership at that time is presumed to continue, and it was, therefore, not necessary to directly allege that the plaintiff was the owner of the note at the time of the exercise of the option. "Such an allegation, or its equivalent," says the supreme court, in *Curtin* v. *Kowalsky*, 145 Cal. 431, 433, [78 Pac. 962], involving an action to recover upon a money judgment, "is required in actions to recover the possession of specific property, but not in actions to recover on money demands," citing a number of cases. (See, also, 8 Cyc. 123, 124.)

It is true, as counsel for the defendants suggest, that there is no averment in the complaint that the note in question was ever delivered to the plaintiff. Since we hold that the complaint sufficiently shows that the plaintiff was the owner and holder of the note at the time of the exercise of the option referred to, we cannot see that it is important that it should appear from the complaint by direct averment that the note was delivered to the plaintiff. But if the objection to the complaint here suggested be important, the reply thereto is to be found in the fact that the complaint alleges that the mortgage was delivered to the plaintiff upon its execution, and from this, as well as from the very nature of the transaction, the fact necessarily follows and the presumption of law, based upon the common experience of mankind, is or should be that the note was delivered contemporaneously with the delivery to the mortgagee of the mortgage given to secure its payment.

The complaint could have been more explicit and specific in the respects as to which it is criticised on this appeal, but considering all its averments together, by the light of the nature of the transaction to which it relates and the character of the relief sought, we are convinced that it sufficiently, even if inartificially, states a cause of action and is, therefore, good as against a general demurrer.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.