FULLADOSA, PLAINTIFF AND APPELLANT, v. CASTRO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action of Ejectment.

No. 1889.—Decided July 18, 1919.

OWNERSHIP—PRESUMPTION—POSSESSION.—If it is shown that a person was the owner of a property at a particular time, the presumption arises that he continues as such owner until the contrary is shown, and evidence of possession by the defendant is not sufficient to destroy such presumption, for it is incumbent upon the defendant to prove a posterior title. *Quintero et al.* v. *Sosa,* 18 P. R. R. 238, reviewed and distinguished.

The facts are stated in the opinion.

*Mr. Fernando Vázquez* for the appellant.

*Messrs. Juan B. Huyke* and *Luis Villaronga* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this appeal recites that Rosa Fulladosa is the owner of a certain described piece of real estate which she inherited from her mother. She avers that the defendant, without any conveyance from her, obtained a judgment of dominion title from the District Court of Humacao, such judgment being based on an alleged sale from her. The complaint then proceeds to attack the dominion action as being defective on various grounds .set up in the complaint. The theory of the complaint, as the brief of the appellant shows, is that an action of nullity was necessary in accordance with the doctrine of *Oliver* v. *Oliver,* 23 P. R. R. 168.

The defendant demurred and answered, setting up a general denial and new matter. The new matter admits that the complainant was at one time the owner of the property in question, but alleges a series of acts, principally of compro-

mise and negotiation, by which the complainant made a sale of land to the defendant.

At the trial the complainant offered in evidence the record of the dominion suit, took the stand herself to swear that she had never been cited in the dominion proceeding and then rested her case. The defendant made a motion for nonsuit which the court granted.

The theory of the court and of the appellee was that the appellant was bound to show an actual present right to the property. In other words, that something more was necessary than the admission or proof that he was once the owner of the property. However, if once it is shown that a complainant was the owner of property at a particular time, the presumption arises, if the complainant relies thereon, that a thing once proved to exist continues as long as is usual with things of that nature. Law of Evidence, section 102, paragraph 31. Ownership once shown is presumed to continue until the contrary is shown. One of the earliest and leading cases of the presumption of ownership is *Magee* v. *Scott,* 9 Cush. 148, 55 A. D. 49. There the court, through Chief Justice Shaw, after laying down that presumption of ownership continues until some alienation is shown, said:

"A party having this ownership does not lose it by permitting another to be in possession. The ordinary mode of proving property is proving that it was purchased and paid for, and it will be deemed in law to be the purchaser's until something is shown to change the title, and merely parting with the possession affords no conclusive evidence of such change. Possession is *prima facie* evidence of title, good against everybody but one proving property; that is, against any one but the right owner; *Armory* v. *Delamirie,* 1 Stra. 505."

In very similar language the presumption is stated in the III *Partida,* Tit. XIV, Lex 10. In 50 A. R. 297, there is a note by the reporter of the situations to which a presumption of continuity attaches and reported cases are cited to show that if a title is shown the presumption of title continues and the burden is on him who alleges the lack of title.

*Kidder* v. *Stevens*, 60 Cal. 419, was a case where a seisin was alleged as of June 1, 1879, and a disseisin the same day, and a finding was made by the court that the complainant was the owner on the 29th day of June, 1868, and conveyed to Mary Kidder on the sixteenth day of November, 1875. The court said:

"And it is said this is not a finding on the issue of ownership on the first day of June, 1879, when the seisin was averred to have been had in the complaint. Why it is not such a finding it would be difficult to point out when the rules of law are applied to the facts as found. We must read all facts, whether in a pleading, or a special verdict, or an agreed statement, or finding of facts, in the light of the rules of law. Presumptions of law are rules of law, whether disputable or the contrary. If the disputable presumption is not contradicted or removed by evidence, it is a rule of law to be applied as inflexibly as a presumption that is indisputable or conclusive; in other words, a presumption of law that is disputable, when not changed by evidence, becomes to the court a rule indisputable for the case, and the court is bound to apply it.

"A status once established is presumed by the law to remain, until the contrary appears. (See *People* v. *Feilen*, 58 Cal. 218); or as a like rule is expressed, in the Code of Civil Procedure (See section 1963, subdivision 32), 'that a thing once proved to exist continues as long as is usual with things of that nature.'"

The case is instructive for various reasons, but we have here the unmistakable indication that we are speaking of the same presumption that is stated in section 102 of our law of evidence, taken from California. Other cases from that State are *Hohenshell* v. *South Riverside Sand & Water Co.*, 61 Pac. 372; *Ellzroth* v. *Ryan*, 26 Pac. 648; *Rock Ridge Park Co.* v. *Wells*, 149 Pac. 792; *Jennings* v. *Jordan*, 160 Pac. 577; *Metteer* v. *Smith*, 105 Pac. 735. In this last case the court said:

Respondent contends, however, that the error was harmless because, under the pleadings and the proof of title otherwise presented and not contradicted, the evidence was not necessary to the establishment of her case that in an action of this kind, after proof of title

in the plaintiff, she need not show that she has not parted with it. We think this position of respondent must be sustained. A status once established is presumed by law to remain until the contrary appears.''

Other cases on the same principle are gathered in *Lockwood* v. *Allen,* 89 N. W. 493, citing the principal case of *Magee* v. *Scott, supra.* We had occasion to consider the question in *Príncipe* v. *A. R. R. Co.,* 22 P. R. R. 285, where we said: ''As the complainant had already proved without objection that the branch in question belonged to the company four years before, the presumption would naturally arise that the company owned the branch until the contrary fact was shown, (citing authorities). Where ownership is proved, such ownership is presumed to continue until the contrary appears. Titles are proved in this fashion.''

However, both the court below and the appellee, to a large extent, relied on the case of *Quintero* v. *Sosa,* 18 P. R. R. 238. The facts of that case can not, on the main proposition, be readily distinguished from those of the case at bar. There the defendant in its answer admitted that the complainant once had been the owner, but denied that he was the owner at the time of the suit. While the appellant there in a part of his brief insisted that this admission relieved him of the burden of proof, his principal contention, both at the hearing and in his said brief, was a matter of pleading. He declined at the trial to present any proof. Perhaps it may be said that at the trial it would have been better if he had stated that he relied on the admission of his adversary as to former ownership and the presumption of its continuance. The case as presented to us at the hearing was that as the complainant had said that he was the present owner and the defendant had only asserted his present ownership as new matter, the burden rested on the defendant entirely. Fundamentally, the appellant was right in the case, but his insistence on a matter of pleading distracted the court from the true issue. The complainant was not entitled to a judgment on the pleadings

and he was bound to enter into the period of proof, and his refusal to present proof was what misled the court below and ultimately this court. It is certainly true, as said in that opinion, that the admission that a man was once the owner, coupled with a proper denial of present ownership, is not an admission that he is so today, which is the gist of the opinion in *Quintero* v. *Sosa*. The conclusion of present ownership follows from the presumption of continuance, as pointed out by this court in the subsequent case of *Príncipe* v. *A. R. R. Co., supra*. Mere possession cannot overcome the presumption of ownership, as the principal case of *Magee* v. *Scott* shows. If it were so, a complainant in a reivindication suit proving ownership on a certain day could be defeated, while it is well known that possession of the defendant is one of the elements of that action. Another case showing the general principle is *Humpferer* v. *D. M. Osborne & Co.*, 50 N. W. 90, where the court said:

"The ownership and possession being alleged, the right to possession follows; and the allegation that the property was in the possession of the defendants when converted carries with it no inference that defendants had a right to dispose of it as against the owner. Possession is only evidence of ownership and right to possession as against persons who show no title, but not against the true owner. *Magee* v. *Scott*, 9 Cush. 148."

And again:

"Plaintiff being then the owner, that ownership will be presumed to continue, in the absence of evidence showing a transfer of the title. 1 Greenl. Ev. secs. 40, 41, and notes; *Magee* v. *Scott*, 9 Cush. 148. This ownership, therefore, being admitted in one defense in the answer, though denied in another, left no issue of the question of ownership to be submitted to the jury. This court recently held, in *McLaughlin* v. *Alexander*, (S. D.) 49 N. W. Rep. 99, that an admission in one defense of facts alleged in the same answer, relieved the plaintiff from the necessity of proving such facts on the trial. Facts admitted in the pleadings need not be submitted to or found by the jury in a special verdict. 3 Wait, Pr. 196. The facts admitted

by the pleadings, together with those found by the jury, present the whole case in proper form for the consideration of the court."

So far as the case of *Quintero* v. *Sosa* is inconsistent with this principle, it cannot apply. While the court below relied on *Quintero* v. *Sosa,* there was the later case of *Príncipe* v. *A. R. R. Co., supra,* and we have pointed out in *Ochoa* v. *Manzano,* 24 P. R. R. 786, that in cases of apparent conflict it is preferable to follow the later pronouncement of the court.

As we have seen, the appellant at the trial thought he was bound to show the defects in and the lack of legal effect of the defendant's dominion title and attempted to do so. If the appellee had relied on the said dominion title he could have rested his case and the court would have been bound to pass on its sufficiency. Instead of doing this the said appellee urged a nonsuit on the ground that the complainant had not shown title. We ourselves might pass on the sufficiency of the said dominion title, but as the defendant may have other defenses, we think it preferable to send the whole case back for a new trial where all the defenses may be presented.

The judgment must be reversed and a new trial ordered.

*Reversed.*

Justices del Toro, Aldrey and Hutchison concurred.
Chief Justice Hernández concurred in the judgment.