Fulladosa, Demandante y Apelante v. Castro, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre nulidad y reivindicación.

No. 1889.—Resuelto en julio 18, 1919.

Dominio — Título — Presunto Dueño — Posesión — Prueba de la Posesión. — Cuando una persona prueba que tuvo el dominio de una propiedad en determinada fecha, existe la presunción de que continúa teniéndolo mientras no se demuestre lo contrario; y la prueba de la posesión por parte del demandado no es suficiente para destruir tal presunción, pues incumbe al demandado probar un título posterior. El caso de *Quintero* v. *Sosa,* 18 D. P. R. 243, examinado y distinguido.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Fernando Vázquez.*

Abogados de la apelada: *Sres. Juan B. Huyke y Luis Villaronga.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Se alega en la demanda de esta apelación que Rosa Fulladosa es la dueña de cierta finca rústica que heredó de su madre. Alega la demandante que el demandado, sin que ella le hubiera hecho venta de la finca obtuvo en la Corte de Distrito de Humacao una sentencia en la que se decretaba el título de dominio a su favor, estando fundada dicha sentencia en una supuesta venta hecha por la demandante. La demanda pasa entonces a atacar la acción de la corte al decretar la información de dominio, por ser defectuosa por varios fundamentos que en dicha demanda se alegan. La teoría de la demanda, como muestra el alegato de la apelante, es que era necesaria una acción de nulidad de acuerdo con la doctrina sentada en el caso de *Oliver* v. *Oliver,* 23 D. P. R. 181.

El demandado formuló excepción previa y contestó haciendo una negativa general y alegando otros hechos como materia nueva. En la nueva materia se admite el hecho de que la demandante fué una vez dueña de la finca en cuestión, pero se alegan una serie de actos particularmente de tran-

sacciones y negociaciones por virtud de los cuales la demandante vendió la finca al demandado.

En el juicio la demandante ofreció como prueba los autos del expediente de dominio, fué ella misma a la silla testifical para declarar que jamás había sido citada en el expediente de dominio y entonces dió por terminada su prueba. El demandado presentó una moción de *non-suit* que fué declarada con lugar por la corte.

La teoría de la corte y del apelado era que la apelante estaba obligada a probar el dominio actual de la propiedad. En otras palabras, que se necesitaba algo más que la admisión o prueba de haber sido ella dueña una vez de dicha propiedad. Sin embargo, una vez probado que un demandante fué dueño de una propiedad en determinada fecha, surge la presunción, si en ella confía el demandante, que una vez probada la existencia de una cosa, continúa ésta todo el tiempo que ordinariamente duran las cosas de igual naturaleza. Ley de Evidencia, artículo 102, párrafo 41. Una vez demostrado el dominio se presume que continúa hasta tanto se demuestre lo contrario. Uno de los casos más antiguos y principales sobre la presunción del dominio es el de *Magee* v. *Scott,* 9 Cush. 148, 55 A. D. 49. En dicho caso la corte por conducto del Juez Presidente Sr. Shaw, después de establecer el principio de que la presunción de dominio continúa hasta que se demuestre que ha habido alguna enajenación, dijo lo siguiente:

"La persona que tiene este dominio no lo pierde por permitir que otra persona esté en posesión. La forma corriente de acreditar el dominio a la propiedad es probando que fué comprada y satisfecho su valor, y de acuerdo con la ley se considerará que es del comprador hasta que algo se demuestre que cambie el título, no suministrando prueba concluyente de tal cambio el mero hecho de desprenderse de la posesión. La posesión es *prima facie* prueba del título y es válido contra todo el mundo menos el que prueba el dominio; esto es, contra cualquier persona excepto el verdadero dueño; *Armory* v. *Delamirie,* 1 Stra. 505."

En lenguaje muy parecido se habla de la presunción en la Partida III, Título XIV, Ley No. 10. En el tomo 50 de los American Reports, página 297, hay una nota del "repor-ter" de las diferentes situaciones en la vida en que tiene lugar una presunción de continuidad y se citan casos que han sido publicados para demostrar que si se prueba un título, continúa la presunción del título y la obligación de probar lo contrario incumbe al que alega la falta de título.

*Kidder* v. *Stevens*, 60 Cal. 419, fué un caso en el cual se alegó una posesión que databa de junio 1, 1879, y un desahucio el mismo día, habiendo declarado probado la corte que el demandante era el dueño el día 29 de junio, 1868, y que hizo el traspaso a María Kidder el día diez y seis de noviembre de 1875. La corte se expresó como sigue:

"Y se dice que esta no es una conclusión sobre la cuestión del dominio el día primero de junio de 1879, fecha en que se alega en la demanda que tuvo lugar la toma de posesión. Sería difícil indicar por qué no es tal conclusión cuando se aplican las reglas de ley a los hechos como han sido declarados probados. Debemos leer todos los hechos, ya estén contenidos en una alegación, veredicto especial, exposición estipulada o conclusiones de hechos, a la luz de las reglas de la ley. Las presunciones de derecho son reglas de ley ya sean controvertibles o no. Si la presunción controvertible no ha sido contradicha o desaparecida mediante prueba, es una regla de ley que ha de aplicarse tan inflexiblemente como una presunción que es incontrovertible o concluyente; en otras palabras, una presunción de ley que es controvertible cuando no ha sido cambiada por la prueba, viene a ser para la corte una regla incontrovertible del caso y la corte está obligada a darle aplicación.

"Una vez establecido un estado legal (*status*), la ley presume que continúa hasta que no se demuestre otra cosa (véase el caso de *People* v. *Feilen*, 58 Cal. 218); o como expresa una regla semejante en el Código de Enjuiciamiento Civil (véase el artículo 1963, párrafo 32), "que una vez probada la existencia de una cosa continúa hasta todo el tiempo que ordinariamente duran las cosas de igual naturaleza."

El caso es instructivo por varias razones, pero tenemos aquí la indicación inequívoca de que hablamos de la misma

presunción a que se refiere el artículo 102 de nuestra Ley de Evidencia que ha sido tomado de California. Otros casos de ese Estado son los de *Hohenshell* v. *South Riverside Land & Water Co.,* 61 Pac. 372; *Eltzroth* v. *Ryan,* 26 Pac. 648; *Rock Ridge Park Co.* v. *Wells,* 149 Pac. 792; *Jennings* v. *Jordan,* 160 Pac. 577; *Metteer* v. *Smith,* 105 Pac. 735. En este último caso la corte se expresó como sigue:

"Alega, sin embargo, el apelado, que el error no perjudicaba porque de acuerdo con las alegaciones y la prueba del título que además se presentó y que no fué contradicha, no era necesaria la prueba para el establecimiento de su caso—que una acción como ésta, después de probar su título la demandante, no tenía que demostrar que no se había desprendido del mismo. Creemos que esta contención de la apelada debe ser sostenida. Establecido una vez un estado legal (*status*) la ley presume que continúa hasta que se demuestre otra cosa."

Otros casos sobre el mismo principio pueden encontrarse en el de *Lockwood* v. *Allen,* 89 N. W. 493, donde se cita el caso principal de *Magee* v. *Scott, supra.* Tuvimos oportunidad de considerar la cuestión en el caso de *Príncipe* v. *A. R. R. Co.,* 22 D. P. R. 306, donde dijimos: "Como el demandante ya había probado sin objeción alguna que el ramal en cuestión pertenecía a la compañía desde cuatro años antes, debe surgir naturalmente la presunción de que la compañía era todavía dueña del referido ramal mientras no se probara lo contrario (se citan autoridades). Una vez acreditado el dominio se presume que continúa hasta que se demuestra lo contrario. Los títulos se acreditan en esta forma."

Sin embargo, tanto la corte como el apelado se fundaron en gran parte en el caso de *Quintero* v. *Sosa,* 18 D. P. R. 243. Los hechos de ese caso en cuanto a la cuestión principal no pueden distinguirse fácilmente de los del caso presente. En aquel caso admitió el demandado en su contestación que el demandante había sido dueño una vez, pero negó que lo fuera a la fecha de la acción. Si bien el ape-

lante en ese caso insistió en una parte de su alegato que
esta admisión lo eximía de la obligación de tener que pro-
bar, su principal discusión hecha así en la vista como en
su alegato era cuestión de alegaciones. Se negó a presen-
tar prueba en el juicio. Tal vez puede decirse que en el
juicio hubiera sido mejor si hubiese manifestado que con-
fiaba en la admisión de su contrario en cuanto al anterior
dominio y presunción de continuidad. El caso como ha sido
presentado a este tribunal en la vista era que como la de-
mandante había dicho que era la actual dueña de la propie-
dad y el demandado sólo había alegado su actual dominio
como materia nueva, el peso de la prueba incumbía entera-
mente al demandado. Fundamentalmente la apelante tenía
razón en el caso pero su insistencia en una cuestión de ale-
gación desvió a la corte de la verdadera cuestión en discu-
sión. La demandante no tenía derecho a una sentencia sobre
las alegaciones y estaba obligada a entrar en el período de
la prueba y su negativa a presentar prueba fué lo que des-
vió a la corte inferior y finalmente, a esta corte. Es real-
mente cierto como se dijo en aquella opinión, que la admi-
sión de que una persona fué una vez dueña no es una admi-
sión de que lo sea hoy, sobre cuyo punto gira la opinión en
el caso de *Quintero* v. *Sosa*. La conclusión del dominio ac-
tual es consecuencia de la presunción de continuidad, como
dijo esta corte en el caso posterior de *Príncipe* v. *A. R. R.
Co., supra*. La mera posesión no puede destruír la presun-
ción de dominio como se establece en el caso principal de
*Magee* v. *Scott*. Si así fuera un demandante en una acción
reivindicatoria probando el dominio en cierto día podría ser
vencido, mientras que es bien sabido que la posesión del de-
mandado es uno de los elementos de la acción. Otro caso
que muestra este principio general es el de *Humpfner* v. *D.
M. Osborne & Co.*, 50 N. W. 90, en el cual la corte se expresó
como sigue:

  "Alegado el dominio y posesión, sigue como consecuencia el de-

recho a la posesión; y la alegación de que la propiedad estaba en poder de los demandados cuando se apropiaron de ella no lleva consigo la deducción de que los demandados tenían derecho a disponer de la misma en oposición al dueño. La posesión es solamente prueba de dominio y derecho a la posesión en cuanto a personas que no muestran título alguno, pero no contra el verdadero dueño. *Magee* v. *Scott,* 9 Cush. 148.''

Y dice además la corte:

''Siendo pues el dueño el demandante se presumirá que continúa en su dominio a falta de prueba que acredite un traspaso del título. 1 Greenl. Ev. §§ 40, 41, y notas; *Magee* v. *Scott,* 9 Cush. 148. Por tanto, admitido este dominio en una defensa de la contestación aunque negado en otra no quedó nada por discutir sobre la cuestión de dominio para ser sometida al jurado. Esta corte recientemente resolvió en el caso de *McLaughlin* v. *Alexander,* (S. D.) 49 N. W. Rep. 99, que la admisión en una defensa de hechos alegados en la demanda aunque fueran negados en otra defensa de la misma contestación eximía al demandante de la necesidad de tener que probar tales hechos en el juicio. Los hechos que han sido admitidos en las alegaciones no tienen que ser sometidos o declarados probados por el jurado en un veredicto especial. 3 Wait. Pr. 196. Los hechos admitidos en las alegaciones en unión de los declarados probados por el jurado presentan todo el caso en debida forma para la consideración de la corte.''

El caso de *Quintero* v. *Sosa,* en tanto es incompatible con este principio, no puede ser de aplicación. Aunque la corte inferior se fundó en el caso de *Quintero* v. *Sosa,* existía el caso posterior de *Príncipe* v. *A. R. R. Co., supra,* y hemos dicho en el caso de *Ochoa* v. *Manzano,* 24 D. P. R. 786, que en casos de conflicto aparente es preferible seguir el último pronunciamiento de la corte.

Como hemos visto, el apelante en el juicio creyó que estaba obligado a probar los defectos que contenía y la falta de efecto legal del título de dominio de los demandados y así trató de hacerlo. Si el apelado hubiera confiado en dicho título de dominio pudo haber dado por terminado su caso y la corte hubiera estado obligada a resolver sobre su sufi-

ciencia. En vez de hacer esto el referido apelado presentó una moción de *non-suit* por el fundamento de que la demandante no había probado su título. Nosotros mismos podríamos resolver respecto a la suficiencia de dicho título de dominio, pero como el demandado pudiera tener otras defensas creemos que es preferible devolver todas las actuaciones a la corte inferior para la celebración de un nuevo juicio donde pueden presentarse todas las defensas.

Debe revocarse la sentencia y ordenarse la celebración de un nuevo juicio.

> *Revocada la sentencia apelada y ordenado un nuevo juicio.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández firmó, "conforme con la sentencia."