CENTRAL PASTO VIEJO, INC., demandante y apelada, *v.* ARTURO APONTE JR., y ROSALÍA R. FUENTES DE APONTE, demanda-dados y apelantes.

No. 3560.—*Visto:* Mayo 10, 1925.  *Resuelto:* Julio 28, 1925.

1. APELACIÓN Y ERROR—PRESENTACIÓN Y RESERVA EN LA CORTE INFERIOR DE LOS FUNDAMENTOS DE REVISIÓN—OBJECIONES Y MOCIONES, Y RESOLUCIONES SOBRE LAS MISMAS—OBJECIONES A LAS NEGATIVAS *(Denials)* CONTENIDAS EN LA CONTESTACIÓN.—La objeción de que la negativa contenida en la contestación a determinada alegación de la demanda no es específica es tardía cuando se levanta por vez primera en apelación.

2. EVIDENCIA—PRESUNCIÓN—CONTINUACIÓN DE HECHOS EXISTENTES—POSESIÓN DE LA FINCA ARRENDADA POR EL ARRENDADOR.—Los arrendatarios que compran una finca arrendada y subsiguientemente la venden obteniendo un nuevo arrendamiento del comprador generalmente no estipulan que continuarán en la posesión de la finca a menos que se encontraran en el momento en posesión real de la misma, y la posesión así establecida se presume continúa, al menos durante la vigencia del nuevo arrendamiento, hasta que se demuestre lo contrario.

SENTENCIA de *Pablo Berga,* J. (Humacao), declarando con lugar la demanda en cuanto al demandado Arturo Aponte, con costas. *Confirmada.*

*Arturo Aponte, Jr.,* abogado de los apelantes; *F. González Fagundo* y *Henry G. Molina,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La demanda en este caso después de expresar hechos para determinar el estado legal de las partes, y el derecho de propiedad de la demandante de cierta propiedad inmueble que se describe, continúa en estos términos:

"3. Que la demandante· adquirió dicha finca por compra a los aquí demandados mediante escritura pública No. 83, otorgada en Humacao, ante el notario don Carlos Travecier, el día 24 de julio de 1920, en la que se acordó y estipuló lo siguiente, a saber:

"*Segunda:* Las partes hacen constar que antes de adquirir los esposos Aponte la finca que ahora venden a la Central Pasto Viejo Incorporada, ellos la tenían en arrendamiento por un término que habría de vencer en treinta de septiembre de 1922, pagando como canon del arrendamiento quinientos dollars al año, pagaderos por anualidades vencidas a contar desde el primero de julio corriente, en cuyo día se entenderá que comenzó el arrendamiento."

"4. Que en virtud de dicho convenio de arrendamiento los demandados quedaron obligados a satisfacer el canon de arrendamiento estipulado por el año que venció en 30 de junio de 1922, o sean $500.00, así como por el trimestre desde el 1ro. de julio hasta el 30 de septiembre de 1922, ascendente a $125.00 por haber ocupado la finca arrendada durante todo dicho término.

"5. Que los demandados no han pagado a la demandante, ni en todo ni en parte dicha suma de $625.00."

Una excepción previa por falta de hechos suficientes para constituir una causa de acción fué declarada sin lugar y los demandados en una contestación enmendada alegan:

"1. Que aceptan los hechos contenidos en los párrafos primero, segundo y tercero de la demanda.

"2. Que niegan el párrafo cuarto de dicha demanda.."

En el juicio el demandante probó que no se verificó el pago y dió por terminada su prueba.

Los demandados preguntaban si cierto hecho que no es material a ninguna cuestión envuelta en esta apelación, se admitiría y al darse una contestación afirmativa del abogado de la demandante el caso fué sometido.

El apelante dice ahora que:

"1º El tribunal inferior erró al desestimar la excepción previa.

"2º La sentencia apelada es contraria a derecho y a la prueba."

El caso de *Central Vannina* v. *López,* 259 Fed. 198, citado por el apelante en apoyo de su primer señalamiento de error no establece en términos expresos por lo menos la proposi-

ción de que un requerimiento anterior es un requisito previo indispensable a la radicación de una demanda en cobro de plazos de alquileres no pagados y a falta de un razonamiento o más citas de autoridades no estamos preparados ahora para extender la doctrina del caso de Vannina a fin de que comprenda la contención del apelante en este caso.

[1] El segundo señalamiento es en parte quizás algo más serio.

Nos inclinamos a convenir con el apelante en que, en tanto se trata de la 4ª alegación de la demanda, una objeción de que la negativa contenida en la contestación no es específica se hace demasiado tarde al figurar por primera vez en apelación. Pero de ello no se infiere que la sentencia debe ser revocada.

[2] La veracidad de los hechos expresados en el tercer párrafo de la demanda se admite expresamente en la contestación. Aun la negativa específica de una mera conclusión legal no neutraliza la fuerza y efecto de esa conclusión si es correcta. Los arrendatarios que compran la finca arrendada y subsiguientemente la venden, obteniendo un nuevo arrendamiento de su comprador no estipulan generalmente con el nuevo dueño que ellos "continuarán en posesión" de la finca así vendida y sub-arrendada a menos que tales vendedores y arrendatarios se encontraran en el momento en posesión real de la propiedad. Y la posesión así establecida se presume que continúa por lo menos durante la vigencia del nuevo arrendamiento, a menos y hasta que lo contrario se demuestre. Artículo 102 de la Ley de Evidencia, Estatutos Compilados, sección 1470; *Fulladosa* v. *Castro*, 27 D.P.R. 702.

No existe nada en el alegato del apelante que refute la aparentemente plausible sugestión de la apelada de que bajo el contrato referido en la 3ª alegación de la demanda, los arrendatarios estarían obligados por el canon de arrendamiento estipulado ya continuaran en posesión o abandonaran la finca arrendada.

*Debe confirmarse la sentencia apelada.*