The **CHASE MANHATTAN BANK (NATIONAL ASSOCIATION)**, Plaintiff,

v.

**CORPORACION HOTELERA DE PUERTO RICO**, Weissberg Condado Corporation, Nereidas Hotel Development Corporation and the Honorable Jorge Font Saldaña as Secretary of Finance of the Commonwealth of Puerto Rico, Defendants,

**First National Bank of Jefferson Parish,** Intervenor.

**Civ. A. No. 693–67.**

United States District Court
D. Puerto Rico.

Dec. 13, 1968.

Ruben Rodriguez-Antongiorgi, Fiddler, Gonzalez & Rodriguez, San Juan, P. R., for plaintiff.

Correa-Suarez, Gonzalez Correa & Santos Correa, Santurce, P. R., for defendants.

Gilberto Mayo-Aguayo, Baker & Woods, Santurce. P. R., for intervenor.

## ORDER

FERNANDEZ-BADILLO, District Judge.

The question for decision herein is whether the order in Chambers permitting the intervention of First National Bank of Jefferson Parish under the Rule 24 of the Federal Rules of Civil Procedure should be reconsidered, as requested in plaintiff's motion of October 10th, in the light of all circumstances and of the present posture of this case. A review of such circumstances is in order.

The complaint seeking a foreclosure of a first mortgage in the sum of $6,100,000 was filed on October 9, 1967. Subsequent to various proceedings, including an order providing that all rents from the mortgaged property be deposited with the Court, the case was set for trial on September 24, 1968. Intervenor claims to be the holder and owner of a note in the sum of $504,166.58, which is one of a series guaranteed by a third mortgage on the property, constituted and recorded in the Registry of Property subsequent to plaintiff's first mortgage. Intervenor also claims default and to protect its interests it has filed two separate actions: a foreclosure action in the Superior Court of San Juan on December 27, 1967 and a separate similar foreclosure action in this Court filed on August 14, 1968. On August 27, 1968 intervenor filed its motion in this case under Rule 24 with an "Intervenor's Answer to Plaintiff's Complaint". Intervenor denies all allegations of the complaint "upon information and belief" except wherein it is alleged that intervenor's note is guaranteed by a third mortgage. Although intervenor claims in his motion to have a defense to plaintiff's claim, no facts have been alleged which would constitute a defense or claim against plaintiff's complaint as required by Rule 24 (c). Moreover, the following facts are undisputed or have been admitted by intervenor:

Intervenor had knowledge of the complaint and of the proceedings in this case since the filing of the complaint. Intervenor's counsel attended two conferences in Chambers on September 4th and 19th. During the latter conference, mortgagor, defendant Corporación Hotelera de Puerto Rico, stipulated and consented to judgment with a 90-day stay of execution. Intervenor first consented to such stipulation, but later objected basing its objection on the ground that it wanted stipulation for judgment in its own separate action filed on August 14, 1968. Defendant Hotelera objected to such condition and stipulation upon the ground that it has a counterclaim against intervenor. It appears clear, however, since it was admitted by intervenor at the hearing on the motion for reconsideration, that it does not object to the judgment by consent, but rather to the 90-day stay of execution. It is undisputed also that intervenor does not have any claim or valid defense against plaintiff.

Intervenor, however, claims that under Rule 24, it should be permitted such intervention as a matter of right and cites in support thereof Atlantis Development Corp. v. United States (CA 5th, 1967) 379 F.2d 818. The Court has carefully considered this and other recent cases construing amended Rule 24, but believes such cases to be inapposite to the present situation. In that case the intervenor was challenging the interest and rights of the plaintiff. In the present case the rights of the plaintiff as first mortgagee are clearly separate and distinct from intervenor's rights and interest as third mortgagee. Moreover, under Puerto Rican law intervenor's rights as a junior lienholder are limited to a notification of the public sale of the mortgaged property that must be held if the judgment herein is not paid. Vendrell v. Torres Aguiló, 85 D.P.R. 873 (1962); Montes de Oca v. Baez et al., 27 D.P.R. 707 (1916). See also Toles v. United States, 371 F.2d 784 (10 Cir.

1967) concerning the interpretation of amended Rule 24.

■ There remains for consideration whether the intervention should be allowed to stand as a matter of discretion under Rule 24(b). Ordinarily this Court would exercise its discretion in favor of intervention. However, under the peculiar circumstances present herein, to allow the intervention to stand would operate to the prejudice of both plaintiff and defendant. I find, on the contrary, no prejudice to any rights of intervenor as junior lienholder, since, as has been pointed out, it may protect its mortgage position at the public sale.

In view of the foregoing, the order of this Court in Chambers of September 4, 1968 is now reconsidered, and the petition of First National Bank of Jefferson Parish to intervene under Rule 24 is hereby denied.

Let this order be notified.